# The People on the relation of The Detroit & Birmingham Plank Road Company v. The Judge of the Wayne Circuit Court.

*Appeals from justice's courts: Bond: Affidavit: Defects: Dismissal.* Under our statutes (*Comp. L. 1871*, §§ 5451, 5453) an appeal from a justice of the peace can not be dismissed absolutely, for defects and informalities in the affidavit and bond for appeal, where the appellant tenders a new and proper affidavit and bond.

*Appeals from justice's courts: Bond: Principal: Sureties.* On an appeal taken by a corporation a bond executed by two individual obligors is sufficient, if otherwise in regular form, although one of the obligors is named in the bond as principal instead of surety.

*Dismissing appeals from justice's courts for defects in bond and affidavit: Practice in circuit courts.* The proper practice on a motion to dismiss an appeal for such defects, is to make an order *nisi* that the appeal be dismissed unless within a time specified a new and correct affidavit and bond be filed.

DETROIT & BIRMINGHAM PLANK ROAD CO. v. JUDGE OF
WAYNE CIRCUIT.

*Mandamus: Remedy.* *Mandamus* is the proper remedy where an appeal has been
improperly dismissed for such defects.

*Heard May 13.   Decided May 14.*

Application for *mandamus.*

The relator instituted proceedings before a justice of the
peace against one Daniel Bassett to recover the statutory
penalty for forcibly and illegally passing one of the toll-
gates on relator's road.    The cause was tried by a jury
and resulted in a verdict and judgment for defendant.
From this judgment the relator appealed to the Wayne cir-
cuit court.    The affidavit for appeal was made by Edwin
F. Conely, but it did not set forth that it was made by
him as agent or attorney for the relator, appellant, or that
he was such agent or attorney, or in any way authorized
to make the same on behalf of the relator.    The bond on
appeal was executed by George A. Maten, who was named
as principal, and by Benjamin Daniels, who was named as
surety.   In other respects the bond was in usual form.

This appeal was afterwards dismissed absolutely by
respondent, on motion of counsel for said defendant, for the
defects above stated in the affidavit and bond.    On the
hearing of this motion the counsel for the relator presented,
and asked leave to file, a new and correct affidavit and bond,
which the respondent declined to receive.

The relator now applies for a *mandamus* to compel
respondent to vacate the order dismissing said appeal, to
allow the relator to file such new affidavit, and to pass
upon the sureties in such new bond and reinstate said
cause.

*Maybury & Conely*, for the relator.

*Theodore Romeyn*, for the respondent, argued that *manda-
mus* was not the proper remedy, and cited, among other
cases, *People v. Judges of Branch Circuit, 1 Doug., 319.*

DETROIT & BIRMINGHAM PLANK ROAD CO. *v.* JUDGE OF WAYNE CIRCUIT.

PER CURIAM.

The dismissal of the appeal was erroneous. Our statutes (*Comp. L. 1871*, §§ *5451, 5453*) provide that no appeal shall be dismissed on account of any informality or imperfection in the appeal bond, if the appellant and his sureties consent to amend the same, or if another sufficient bond, to be approved by the court, shall be filed; nor on the ground of a defective affidavit, etc., if the appellant, his agent or attorney, shall make a correct affidavit. Under these statutes leave should have been granted to file the proffered affidavit and bond. Moreover the bond was sufficient as it was. The fact that one of the obligors was named in the bond as principal is immaterial. The statute (*Comp. L. 1871*, § *5433*) requires the bond to be executed by the appellant with one or more sufficient sureties, or by two or more sufficient sureties without the appellant. The obligors in this bond both stand in the relation of sureties, and naming one of them as principal could not change this relation.

The proper practice in case of motion to dismiss an appeal for such defects in the affidavit or bond, is to make an order *nisi* that the appeal be dismissed, unless within a time specified a new and correct affidavit or bond be filed.

*Mandamus* is the proper remedy to correct the error committed in dismissing the appeal.

Writ granted.