[No. 1083.  Decided October 31, 1893.]

J. M. NEWMAN AND W. L. JONES, *Respondents*, v. THE
CITY OF NORTH YAKIMA AND H. D. COCK, *Marshal*,
*Appellants*.

MUNICIPAL CORPORATIONS — SPECIAL CHARTER — EFFECT OF REF-
ERENCE TO GENERAL LAWS.

The special act passed by the territorial legislature incorporating
the city of North Yakima (Laws 1885-6, p. 373), and providing that
the levy and collection of taxes should be done in accordance with
the provisions of the existing general law on that subject, does not
make such law a part of the charter, for the reason that no special
act, section or provision of the general law is set out or indicated in
the charter.

*Appeal from Superior Court, Yakima County.*

*Mackinnon & Murane*, for appellants.

*Frank H. Rudkin*, and *Jones & Newman*, for respondents.

The opinion of the court was delivered by

HOYT, J.—This appeal presents but a single question:
Were the provisions of the general law as to the assessment
and collection of taxes in force at the time of the passage
of the act incorporating the appellant, the city of North
Yakima, so referred to in said act, as to make them a part
thereof, so that a subsequent repeal of such provisions by a
general law would not affect the same so far as their rela-
tions to such act of incorporation were concerned?  In
other words, did such act of incorporation have such spe-
cific reference to such general provisions as to make them
a part thereof.

It is contended on the part of the appellants that such
force must be given to the language of said act of incor-
poration.  Appellants cite in support of their contention

two California cases, in each of which it was held that
where it was provided in a special act of incorporation that
anything in connection therewith should be done in accord-
ance with the provisions of an act or section, that such act
or section became to all intents and purposes a part of the
special act, and so far as it relates to such special act would
not be repealed by any subsequent act which did not in
express terms refer to it as a part of the special act into
which it was incorporated.

The principle established by these cases is undoubtedly
sound, and we know of no authority to the contrary, but
in our opinion it is not decisive of the question raised by
this appeal as above suggested.    In those cases the act or
sections of the general law were expressly referred to as
such, while in the ·case at bar there is no such express
reference to any particular act or section.

By this act of incorporation it was provided only that
certain things in connection with the levy and collection
of taxes should be done in accordance with the provisions
of the existing law, and in some places the term used was
that the act should be done in accordance with the provis-
ions of the law now in force, or words to that effect.    But
in none of the references thus made was there any special
act, section or provision of the general law set out or indi-
cated.    And taking all of such references and construing
them together we feel compelled to hold that the legisla-
ture thereby intended simply to provide that such acts
should be done in accordance with the provisions of the
general law in force at the time of the doing thereof.    In
fact, if we take into consideration all of the expressions
bearing upon the subject, it seems to us that such an in-
tention on the part of the legislature sufficiently appears.
And when we further take into consideration the fact that
one of the main objects of providing that these acts should

be done in accordance with the provisions of the general law, excepting so far as modified by the express provisions of the act of incorporation, was, so far as possible, to procure a uniform system applicable to all of the cities thus specially incorporated, such intention becomes so manifest that there is no escape therefrom. Any other construction would destroy such uniformity as between the different cities of the state without any reason whatever. If the provisions of any general law could properly be made applicable to one city they could probably as well be made applicable to all cities similarly situated, and if the general law in force at the time of the passage of the special act was of such a nature that the acts of the city could properly be governed thereby, it would follow almost as a matter of course that another general act upon the same subject matter and relating to the performance of the same duties could as well be made applicable thereto.

In our opinion, then, the references contained in the act of incorporation of said appellant must be taken to be to the general law in force at the time the tax was levied instead of to that in force at the time of incorporation. And such being the conclusion of the lower court the judgment rendered thereon must be affirmed.

DUNBAR, C. J., and SCOTT, ANDERS and STILES, JJ., concur.