[No. 977. Decided January 16, 1894.]

HALEY GROCERY COMPANY, *Appellant*, v. JOHN HALEY, *Respondent*.

SALE OF GOOD WILL — CONSTRUCTION OF CONTRACT.

Where a person agrees, for a consideration, not to engage, within a certain time and within certain defined limits, in the grocery business, either in his own name or in that of another, or conduct or engage in such business for any other firm, person or corporation, with any share of the profits, or with any interest in the property, and with no secret or actual accounting or division of either property or profits for his benefit, or for compensation regulated on the basis of profits, or sales of property or stock, it is not a violation of the contract for him to enter the employ of another grocery firm within said defined limits as a salesman upon a monthly salary.

*Appeal from Superior Court, King County.*

*Bausman, Kelleher & Emory*, for appellant.
*Stratton, Lewis & Gilman*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—The respondent was a stockholder and employé of the Haley Grocery Company, of Seattle.   In October, 1892, he sold his stock to one Hill, and at or about the same time entered into the following contract with appellant:

"For and in consideration of the sum of $1.00 to me in hand paid and other good and valuable consideration, the receipt whereof is hereby acknowledged, I undertake and agree with the Haley Grocery Company that within the period of three years from this date I will not engage in the business of wholesale or retail groceries, either in my own name or in that of another, or conduct or engage in any such business for any other firm, person or corporation, with any share of the profits, or with any interest in the property, and with no secret or actual accounting or division of either property or profits, for my benefit, or for compensation regulated on the basis of profits or sales of property or stock.

"This agreement is limited to the city of Seattle, Washington, and to that part of the city lying within a radius of half a mile from the present place of business of the Haley Grocery Company, in the Boston Block on Second street.   Outside of said limits I retain all rights of engaging in or conducting the grocery or any other business, either for myself or for any firm, person or corporation, and upon any basis of interest or compensation whatever. (Permission is given for business on Pike street.)"

Some two months thereafter the respondent entered into the service of the Seattle Grocery Company, within the limits mentioned in his contract with the appellant, as a salesman at a salary of one hundred dollars per month, which was his only compensation.   The appellant brought this action to enjoin the respondent from remaining in the service of the Seattle Grocery Company, on the alleged ground that such employment was in violation of the contract above set forth.   The court granted a temporary

restraining order, but at the final hearing dissolved the order and dismissed the action.   From that judgment the plaintiff appeals.

It will be seen by an examination of the contract in question that the respondent's agreement was not to engage, within a certain time, and within certain described limits, in the grocery business, either in his own name or in that of another, or conduct or engage in such business for any other firm, person or corporation, with any share of the profits, or with any interest in the property, and with no secret or actual accounting or division of either property or profits for his benefit, or for compensation regulated on the basis of profits or sales of property or stock.

The court below held that, by working for a salary, the respondent violated none of the provisions of his contract, and we are at a loss to see how any other conclusion could have been arrived at.   The proof is overwhelming that the respondent received nothing but a bare monthly salary as compensation for his services, and the conditions and limitations of the contract itself are so clearly and plainly expressed therein, that, in our opinion, they are susceptible of but one construction.

Judgment affirmed.

DUNBAR, C. J., and SCOTT, HOYT, and STILES, JJ., concur.