[No. 1139.   Decided January 16, 1894.]

I. D. FORD, *Appellant*, v. D. E. DURIE, *Treasurer of the City of Seattle, Respondent.*

MUNICIPAL CORPORATIONS—EFFECT OF REFERENCE TO GENERAL LAWS IN CHARTER—SALES FOR DELINQUENT TAXES—TAX DEED.

The provisions of art. 9, § 34, of the freeholders' charter of Seattle relating to the execution of deeds for property sold for delinquent taxes, and providing "that no such deed shall be made until the notice is given that a tax deed will be applied for and such notice duly served as prescribed in the laws of the state of Washington relating to property sold for state or county taxes," merely refers to the law in force at the time of the execution of the deed, and not to that which was in force at the time of framing the charter.   (DUNBAR, C. J., dissents.)

Where a sale for delinquent taxes has been made under the revenue act of 1891, which required no notice of the application for a tax deed, that law will govern the execution of the deed under such sale, although prior to its execution the law of 1893, requiring notice to be given, may have taken effect.

*Appeal from Superior Court, King County.*

*W. D. Lambuth*, for appellant.

*George Donworth*, and *James B. Howe*, for respondent.

The opinion of the court was delivered by

Hoyt, J.—But a single question is presented by the record in this case: Was the law in relation to the execution of deeds for lands sold for state and county taxes in force at the date of the adoption of the charter of the city of Seattle so made a part thereof by the provisions of § 34 of art. 9 of said charter that a subsequent change in the law relating to such sales would have no effect upon the law repealed by such subsequent legislation so far as it related to the provisions of said charter?

To ascertain the intent of the framers of the charter in that regard, it will be necessary to look at other provisions contained therein, from which it will clearly appear that it was their aim to assimilate all proceedings for the collection of taxes under the charter, so far as practicable, with those of the general law in force at the time of such collection. Interpreting the language of this particular section in the light of these provisions and the evident intent of the framers of the charter as shown therefrom, it must be held that no specific provision of the statute in force relating to the execution of deeds for property sold for delinquent taxes was so made a part of the charter as not to be affected by subsequent general legislation. The language used is as follows:

"*Provided however*, That no such deed shall be made until the notice is given that a tax deed will be applied for

and such notice duly served as prescribed in the laws of the State of Washington relating to property sold for state or county taxes.''

The force of such language as well authorizes the contention of the appellant that it refers to the law in force at the time of the making of the deed, as that of respondent that it refers to that in force at the time of the adoption of the charter, and the intent of the framers of the charter, as manifested by other provisions, makes it necessary that we should hold with the appellant that they intended by such language to refer to the law in force at the time when the deed was to be executed.

There is little force in the contention of respondent, that such could not have been their intention for the reason that when thus construed the proviso was only a repetition of the provision already made in §15 of said article. It is not such an unusual thing for charters and laws to contain unnecessary repetitions that much significance can be attached to such fact.

Without this provision of §34, the regulations relating to the making of deeds for lands sold for state and county taxes would have been applicable to tax deeds to be executed by the authority of the city. But the framers of the charter thought best to make this more certain by the proviso in the section expressly relating to the execution of the deeds. The only effect of such proviso was to require that the city treasurer should not execute such deeds until the notice required by the general statutes in force at the time had been given, and if such statute required no notice whatever, then none was necessary, as a foundation for the application for a deed from the city treasurer.

A question somewhat similar to this was decided by this court on October 31st last, in the case of *Newman v. North Yakima*, 7 Wash. 220 (34 Pac. 921), and a like conclusion arrived at.

The judgment must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

STILES, SCOTT and ANDERS, JJ., concur.

DUNBAR, C. J. (*dissenting*).— Construing all of the provisions of the charter together, I am unable to reach the conclusion arrived at by my brothers, and I therefore dissent.

## ON PETITION FOR RE-HEARING.

HOYT, J.— Upon the hearing of this cause the argument was confined to a single question, and the opinion heretofore filed had reference only to that question.

The petition for re-hearing calls to our attention the fact that such opinion, technically construed, would warrant the conclusion that the statute of 1893 would constitute the law under which the deed in question should be executed by the treasurer. We, therefore, deem it necessary now to say that we did not intend so to hold. The sale was made when the law of 1891 was in force, and the right to the deed then fixed, except that the time in which the property could be redeemed had not fully expired. Under these circumstances the power of the legislature to provide that the right, which under the law would become fully vested by the lapse of time, should be taken away, unless something which constituted an additional burden upon the purchaser should be performed by him, may well be questioned. It is not, however, necessary that we should decide as to that as in our opinion the law of 1893, for other reasons, did not apply to the sale in question. Under such statute the right of the purchaser would be entirely destroyed unless within forty-one days after the passage of the act he took the additional step required. This was not a reasonable time. Hence, under well settled principles of statutory construction it must be held that such statute was not applicable to the sale in question.

STILES, ANDERS and SCOTT, JJ., concur.