[No. 1492. Decided November 26, 1894.]

SCHOOL DISTRICT No. 43, OF PIERCE COUNTY, *Appellant,*
v. JAMES C. FAIRCHILD ET AL., *Respondents.*

SCHOOL FUNDS——TIME OF APPORTIONMENT——DUTY OF COUNTY
TREASURER.

Laws 1891, p. 258, § 27, requiring the county treasurer to certify
to the county superintendent of schools the amount of school moneys
subject to apportionment, "within twenty days after the day on
which taxes become delinquent each year, and quarterly thereafter,"
does not incorporate within its terms the law fixing the delinquency
of taxes in force at the time of its passage.

*Appeal from Superior Court, Pierce County.*

*J. A. Williamson,* for appellant.

*W. H. Snell (Charles Bedford,* of counsel), for respond-
ents.

The opinion of the court was delivered by

STILES, J.—By this appeal the appellant, School District
No. 43, of Pierce county, seeks a construction of § 27 of
the act of March 7, 1891 (Laws, p. 258), which amended
§ 71 of the general school law of 1890 (see Gen. Stat.
§ 819). The original act which related to the duties of the
county treasurer, as ex-officio treasurer of public school
funds, provided (Laws 1889–90, p. 380, § 71), among other
things, that it should be the duty of that officer:

"Second: To notify the county superintendent of com-
mon schools of the amount of county school fund in the
county treasury *at the time fixed for making the apportion-
ment,* and to inform such superintendent of the amount of
school money belonging to any other fund subject to appor-
tionment."

The thirteenth paragraph of § 11 of the same act (Laws
1889–90, p. 357), fixed the times of apportionment on the
first Monday of January, April, July and October of each
year. At that time taxes became delinquent January 1st
of each year. Laws 1889–90, Ch. 18, § 87 (p. 561).

The amendment of 1891 made the quoted portion of § 71 read as follows :

" 2.    To certify to the county superintendent of common schools of his county, *within twenty days after the day on which taxes become delinquent each year*, and quarterly thereafter, the amount of all school moneys in his possession subject to apportionment, which certificate shall specify the source or sources from which said moneys were derived ; " and the same act (p. 242, § 3), changed the date of apportionment by the superintendent to a time " within five days after he shall have received the quarterly certificate of the county treasurer." By the revenue law of that year taxes became delinquent March 1st ; so that if the amended § 71 of the school law were followed, in the year 1892 the times for the treasurer's certificates were on or before the 21st days of March, June, September and December.

The treasurer of Pierce county did not certify for the last quarter of 1892 according to the requirement of the act of 1891, on or before December 21 ; but on January 5, 1893, he certified the amount of school money in his hands January 1, and included in his certificate $12,850, collected by him between December 21, and January 1. Under the apportionment made upon this certificate the appellant, School District No. 43, was entitled to $147.68 of the $12,-850.

Again, § 71 of the act of 1890, and the amendment of 1891, required the treasurer to report annually to the county superintendent the amount of school money apportioned to each district remaining in his hands and subject to be paid out on the warrants of its officers. The effect of this law was to leave all unappropriated balances to accumulate to the credit of the respective school districts as a fund for future expenditures. But in 1893 this § 71 was again amended by the addition of a proviso, as follows :

" *Provided*, That if, at the time of making such annual report, the treasurer shall find that the money accruing to the credit of any school district by reason of the quarterly apportionments of the county superintendent shall exceed

the amount apportioned to such district at the last quarterly apportionment next following the date on which taxes became delinquent, then the treasurer shall restore such excess to the general school fund of the county to be re-apportioned, and shall designate in his report the amount so restored.''

And the effect of this proviso was to limit the funds of the districts accruing from one school year to another, under the terms of § 71 as it now exists, to an amount not exceeding the apportionment upon the treasurer's certificate made immediately succeeding the delinquency of taxes.

It seems, as we gather it from the affidavit for a mandamus and from the briefs of both sides, that the treasurer, by construing the amendment of 1891 to be a perpetual mandate upon him to make his certificate January 1st, and quarterly thereafter, because at the date of the passage of the amendment taxes became delinquent on that date, has made an error against the appellant district, by covering into the general school fund the sum of $147.68, which remained to its credit as an unexpended balance, June 30, 1893, that sum being the amount of the balance in excess of its apportionment under his certificate of January 5, 1893, but not in excess of what ought to have been certified between April 1st and 21st, the special act of February 16, 1893, and the general revenue law of that year having fixed the date for delinquency at April 1, instead of March 1.

The appellant claims this action to have been an error to its prejudice, and seeks the aid of a writ of mandamus for its correction. We are of the opinion that if the adjustment of the matter depends solely, as both sides seem to agree, upon the proper construction of the paragraph of § 71 quoted, the error exists, and the writ should be awarded.

The only argument offered in support of the construction that the time for the treasurer's first certificate continues to be January 1, is, as was stated above, that at the date of the passage of the amendment taxes became delinquent on that date, and that there are some general rules of statutory enactment and construction which forbid that, when a statute

refers to some other existing law for a time or a method of doing a thing, such time or method should be considered as changing whenever the law to which reference was made is changed by amendment in those respects.

We have had occasion, in two instances, to refer to these rules and to remark upon their general correctness; *Newman v. North Yakima*, 7 Wash. 220 (34 Pac. 921); *Ford v. Durie*, 8 Wash. 87 (35 Pac. 595); and in both of those cases the general purpose of the laws construed, and the context of the disputed portions were held to require a holding that the methods prescribed in the general law were not incorporated in the special ones. But it seems to us that the reasons are even stronger in the case at bar. The act of 1891 bears upon its face that the legislature was not fixing the time for the treasurer's certificate by any date, but by an annual event in the history of the state occurring as might be by law provided—an event which, under our system of taxation, is as certain to occur as the first day of January. The words of the law require the certificate to be made "within twenty days after the day on which taxes become delinquent *each year*," as though it had read: "Whenever in any year, taxes shall have by law become delinquent, within twenty days after the day of such delinquency, the treasurer shall certify, etc." Reference to the duties of the superintendent prescribed by § 11 confirms this view, for whereas under the original act he was required to make the apportionment on the first Monday in January, by the amendment the time was changed to five days after the receipt of the treasurer's quarterly certificate. Had the intention been to retain January 1 as the fixed time for the treasurer's action, there would seem to have been little occasion for the change in § 11.

As an illustration of the confusing result of holding with respondents, we note that § 52 of the school law, both in its original and in its amended form, requires the board of county commissioners to levy a tax for school purposes at the time and in the manner provided by law for the levying of taxes for county purposes. But the time for the levy of

taxes under the revenue law of 1890, the contemporary of the school law, was at the August meeting in each year; by the revenue law of 1891 it was changed to the October session; and the law of 1893 changed it again to the November session. If good reason existed for holding the amendment to § 71 of the school law incorporated January 1, as the time for the treasurer's certificate, the same reason ought to prevail and compel a ruling that the August session is still the time for levying school taxes, because that was the time for levying general taxes in 1890, when the original school law was enacted. But in August, under the present law, the board sits for the equalization of assessments and it has not the material in its possession for the levying of any tax until the month of August is past. The result of the strict application of the rule contended for, therefore, would be that no taxes for school purposes could be levied.

We reverse the judgment of the superior court solely upon the question of law discussed, and we deem it necessary to make this remark because, apart from what seems to be the concession of counsel, we are not able to determine with certainty from the complaint whether the appellant has actually suffered an injury at the hands of the treasurer.

Reversed and remanded.

DUNBAR, C. J., and HOYT, SCOTT and ANDERS, JJ., concur.