### COLE *v.* WAYNE CIRCUIT JUDGE.

1. STATUTES—INCORPORATION OF PROVISIONS OF OTHER LAWS BY GENERAL REFERENCE THERETO—APPEAL IN SUMMARY PROCEEDINGS—SUFFICIENCY OF BOND.

    2 How. Stat. § 8307, providing that appeals may be taken in summary proceedings to recover the possession of land in the same manner as in cases of appeals from judgments rendered before justices of the peace, does not restrict the procedure on appeal to those provisions of the justices' act in existerce when said section was adopted in the Revision of 1846, but, rather, is intended to furnish a rule for the conduct of appeals, to be ascertained by reference to the laws in force at the time the appeal is sought to be taken. The appeal bond in such case, therefore, may be approved by a deputy county clerk, under 3 How. Stat. § 7000; but the sureties thereon must justify, as provided by section 7001.

2. APPEAL BOND—FAILURE OF SURETIES TO JUSTIFY—DISMISSAL OF APPEAL.

    Where the sureties upon an appeal bond fail to justify, as

required by 3 How. Stat. § 7001, and the appellant does not proffer a sufficient bond under section 7018, the appeal is properly dismissed.

*Mandamus* by William Cole to compel Joseph W. Donovan, circuit judge of Wayne county, to vacate an order dismissing an appeal. Submitted October 8, 1895. Denied October 22, 1895.

*John Galloway*, for relator.

*George G. Prentis*, for respondent.

GRANT, J.   One Anna E. Adams, administratrix of the estate of John Adams, deceased, instituted proceedings against the relator under 2 How. Stat. chap. 286, to recover possession of certain land.   The circuit court commissioner rendered judgment in her favor.   The defendant took an appeal to the circuit court, filing an affidavit and bond with the commissioner, who made due return to the circuit court.   The complainant moved to dismiss the appeal on the ground of a defective bond.   The bond was approved by the deputy county clerk, under section 7000, 3 How. Stat.   The sureties to such bond did not justify, as required by section 7001, 3 How. Stat.

The proceedings for appeal in this class of cases are regulated by section 8307, 2 How. Stat., which provides that appeals may be taken "within the same time, in the same manner, and return may be compelled, and the same proceedings shall be thereon had, as near as may be, and with the like effect, as in cases of appeals from judgments rendered before justices of the peace."   It is insisted by the respondent that the bond should have been presented to the commissioner who tried the case, and that the proceeding is governed by the law relating to appeals as it existed in March, 1847.   Several amendments have been made to the section of the justices' act providing for appeals, the last of which was made in 1885, and is section 7000, 3 How. Stat.   Under this act the bond may be taken by any justice within the county,

or by the county clerk of the same county. Section 8307 does not limit the procedure upon appeal to the provisions of the justices' act as they then existed. It provided by general reference to another law, and is intended to furnish, a rule for future conduct, "always to be found, when it is needed, by reference to the law existing at the time when the rule is invoked." End. Interp. Stat. § 493; *Kugler's Appeal*, 55 Pa. St. 123.

2 How. Stat. §§ 7018, 7020, provide that no appeal shall be dismissed for any imperfection in the affidavit or bond, provided a new affidavit is made, and a new bond given, to be approved by the court. It is, however, the duty of the appellant to offer a new affidavit and bond, in which case an order *nisi* is the proper practice. *Detroit, etc., Plank-Road Co.* v. *Wayne Circuit Judge*, 27 Mich. 303. In *Bradley* v. *Andrews*, 51 Mich. 100, the record shows that a new affidavit was proffered. The bond in this case was defective, in that there was no justification by the sureties. It does not appear that, either on the hearing of the motion to dismiss or the subsequent motion to set aside the order of dismissal, the relator offered to remedy the defect by filing a new bond, or to produce a justification by the sureties. For this reason he is not entitled to the writ of *mandamus*. In *Detroit, etc., Plank-Road Co.* v. *Wayne Circuit Judge* a new affidavit and bond were proffered. The court was under no obligation to grant an order that the relator did not ask. He stood there insisting that his appeal was valid, and its validity is the sole question before us.

Writ denied, with costs.

The other Justices concurred.