[No. 2020.   Decided October 30, 1895.]

THE STATE OF WASHINGTON *on the Relation of* ANDREW C. SMITH *et al.,* v. EMMETT N. PARKER, *Judge of the Superior Court of Pierce County.*

MANDAMUS TO SUPERIOR COURT — STATUTES — APPLICATION OF GENERAL LAW TO FORCIBLE ENTRY AND DETAINER ACT — SUMMONS.

The supreme court has jurisdiction by means of a writ of mandate, to compel the superior court to proceed to final determination of a cause properly before it, to the end that the right of appeal from such determination may be made effective.

The object of the forcible entry and detainer act being to provide a summary method by which possession of real property wrongfully held can be obtained, the act is a special one on that subject and would not be affected by a subsequent general act relating to procedure. Consequently, the forcible entry and detainer act of 1891, requiring the defendant to answer a summons in eight days is not modified or amended by the practice act of 1893, requiring the defendant to appear in the action within twenty days.

The language of the special act upon the subject of forcible entry and detainer, providing that the summons must be issued as in other cases, does not incorporate as a part of such act the provision of the general law respecting service of summons in force at the date of the passage of the special act, but must be construed as a rule applying to the future and referring to the law in force at the time the summons is to be issued.

*Original Application for Mandate.*

*Parsons, Corell & Parsons,* for relators.

· *Emmett N. Parker, pro se.*

The opinion of the court was delivered by

HOYT, C. J.—Relators brought an action to recover possession of certain premises under the forcible entry and detainer act of March 7, 1891. Upon the filing of the complaint a summons was issued by the attorneys for the plaintiffs in accordance with the provis-

ions of the practice act of 1893, excepting that the defendant was required to answer on a day certain eight days from the date of the summons. This summons was duly served on the day of its issue. Upon the return day the plaintiffs appeared and the defendant, by his attorney, filed a motion to quash the summons and dismiss the action, for the reason that the court had no jurisdiction of the person of the defendant. This motion was granted by the court, except that it gave to the plaintiffs leave to have issued and served a new summons, requiring the defendant to appear in the action within twenty days. By this proceeding it is sought to procure from this court a peremptory writ of mandate requiring the superior court to take jurisdiction of the cause and proceed therein.

By his answer the judge of said court, against whom the writ is sought, admits the facts to be as stated in the petition and exhibits annexed thereto, and states that the reason for his refusing to entertain jurisdiction of the person of the defendant was that, in his opinion, the time in which the summons should be made returnable, provided for in the act as to forcible entry and detainer, had been changed by the practice act of 1893, so that the summons should have required defendant to answer within twenty days from the date of its service upon him.

Upon this return but a single question is presented for our decision, and therefrom it may be fairly presumed that if, in the opinion of this court, the practice act of 1893 did not so amend the act as to forcible entry and detainer as to change the time in which the summons provided for therein should be made returnable, it should be held that the superior court had wrongfully refused to take jurisdiction of the cause and pro-

ceed therein, and that a peremptory writ of mandate should be issued commanding it to do that which it had wrongfully refused to do.

But the attorney for the defendant in the forcible entry and detainer proceeding appeared at the hearing and made the further contention, that the action of the superior court in refusing to take jurisdiction was right, for the reason that the summons was issued by the attorney for the plaintiffs as provided for by the practice act in force at the time it was issued instead of by the clerk of the court as required when the forcible entry and detainer act was passed. In addition to this contention he raises a question as to jurisdiction to grant the relief prayed for in the petition, his contention in that regard being that this court has no jurisdiction to issue a writ of mandate to a superior court excepting in aid of its appellate jurisdiction.

But, even if we should concede this to be true, it would not in our opinion deprive us of jurisdiction to compel by such writ a superior court to proceed in a cause to such a final determination as would authorize an appeal to this court. To compel it thus to proceed would be necessary to make effective the right of appeal. If this court has not the power to compel a superior court to proceed to the final determination of a cause, it would be within its power to prevent an appeal, for the reason that no appeal would lie until such court had taken action. Whether it be for this reason or because of the provision of our constitution which specially authorizes writs of mandate to issue from this court to state officers, or by reason of its supervisory jurisdiction, the authority to issue such writs has been often exercised and is well sustained by the practice in this court, in the supreme court of the United States, and in the courts of other states.

In *State, ex rel. Shannon, v. Hunter*, 3 Wash. 92 (27 Pac. 1076), this question was passed upon, and upon that case and the authorities therein cited we must hold that this court has jurisdiction to grant the relief prayed for in the petition.

The answer to the question submitted by the respondent must depend upon the nature of the act as to forcible entry and detainer. If it is an act as to a special subject, its provisions would not be affected by a subsequent general act. This proposition is too well settled by the authorities to be open to further discussion. So far as we have been able to ascertain, the courts have uniformly held that the provisions of a special act were not changed by the subsequent enactment of a general law, though such law might be germane to the subject matter of the special act. Was the forcible entry and detainer act a special one within the definition of such acts contained in the authorities? In our opinion it was. Its object was to provide a summary method by which possession of real property wrongfully held could be obtained. It was therefore a special act relating to that subject, and was not affected by the general one relating to procedure. The question submitted by the respondent must therefore be determined adversely to his contention.

There yet remains the question of practice suggested by the attorney for the defendant in the action in the superior court. The language of the special act upon that subject is that the summons must be issued as in other cases, and the question presented is as to whether the method prescribed is that provided by the general law at the date when the special act was passed, or at the date when the summons was to be issued. To hold the latter might seem to conflict with what we have

said as to the effect of a general act subsequently passed upon a special one.  But the object of the courts is to arrive at the actual intent of the legislature as shown by the language used, and since by the language used in the special act the legislature saw fit to provide that as to the method of issuing the summons it was desirable that there should be no difference between the cases arising under the special act and those under the general law, it is but reasonable to suppose that they referred to the general law in force at the time the summons was to be issued instead of that in force when the act was passed.

This distinction is well sustained by authority.  The principle involved is well stated in Endlich on the interpretation of statutes, § 493, in the following language:

"But, when the incorporating act does not in terms declare that the mode of procedure prescribed by another act, not specifically referred to, but being then the only one established by law, and incorporated by the general reference 'the same as' in the case provided for by the earlier act, it is said to be intended 'as a rule for future conduct,' a rule 'always to be found, when it is needed, by reference to the law . . . existing at the time when the rule is invoked.'"

This principle has been directly recognized and sustained in the following cases: Kugler's Appeal, 55 Pa. St. 123; *Jones v. Dexter,* 8 Fla. 276; *American Transportation Co. v. City of Buffalo,* cited in the note to *Mayor v. Bank,* 20 N. Y. 387; *Harris v. White,* 81 N. Y. 532.

It has also been recognized in several decisions of this court: *Luzader v. Sargeant,* 4 Wash. 299 (30 Pac. 142); *Newman v. North Yakima,* 7 Wash. 220 (34 Pac. 921); *Ford v. Durie,* 8 Wash. 87 (35 Pac. 595, 1082).

It follows from what we have said that in our opin-

44—12 WASH.

ion the time when the summons should be returnable, having been specially provided in the forcible entry and detainer act, was not changed by the subsequently enacted general practice act, but that the manner of the issuance of the summons, having in the special act been referred to the general law, was a rule applying to the future, and referred to the law in force at the time the summons was to be issued. This being so, the plaintiffs had proceeded in accordance with law in the issuance of the summons served upon the defendant, and by such service the court had obtained jurisdiction of his person, and, having such jurisdiction, its refusal to proceed was wrongful.

The peremptory writ prayed for in the petition, commanding the superior court to take jurisdiction and proceed in the cause, must be granted.

DUNBAR, SCOTT and ANDERS, JJ., concur.

GORDON, J., not sitting.