STATE, EX REL. MILLER, *v.* LEICH, TREASURER.

[No. 20,738.  Filed June 6, 1906.]

1. STATUTES.—*Adoption of.*—*Subsequent Amendments of Adopted Statutes.*—Where one statute by a specific and descriptive reference adopts another as a part thereof, the subsequent amendment of such adopted statute has no effect upon such adopting statute.  p. 682.

2. SAME.—*Adoption of.*—*Subsequent Amendments of Adopted Statutes.*—Subsequent amendments to statutes adopted generally by another statute, become a part of such adopting statute.  p. 682.

3. SAME.—*Taxation.*—*Municipal Corporations.*—*City of Evansville.*—Acts 1903, p. 230, §§8603a-8603c Burns 1905, providing for the sale, to the highest bidder, of lands for delinquent taxes, after having been unsuccessfully offered two successive years, applies by virtue of §4052 Burns 1901, Acts 1895, pp. 258, 292, §148, to the city of Evansville, though the act of 1901 (Acts 1901, p. 73, §1, §4052a Burns 1901) authorizes such city to foreclose its lien for taxes and sell the delinquent property after its unsuccessful exposure to sale three successive times.  p. 683.

4. STATUTES.—*Repeal.*—*Taxation.*—The act of 1903 (Acts 1903, p. 230, §§8603a-8603c Burns 1905), providing for sale, to the highest bidder, of lands unsuccessfully exposed two successive times for sale for delinquent taxes, does not repeal section one of the act of 1901 (Acts 1901, p. 73, §4052a Burns 1901), providing for foreclosure of tax liens, by certain cities, after three unsuccessful exposures to sale for delinquent taxes.  p. 683.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Action by the State of Indiana, on the relation of Oscar G. Miller, against August Leich, as Treasurer of the City of Evansville.  From a judgment for defendant, plaintiff appeals.  *Reversed.*

*George A. Cunningham, Percy C. Hopkins* and *Orville W. McGinnis,* for appellant.

*A. J. Veneman,* for appellee.

MONKS, J.—The controlling question in this case is whether the act of 1903 (Acts 1903, p. 230, §§8603a-8603c Burns 1905) applied to cities having a population of more than fifty thousand and less than one hundred thousand inhabitants, to which class the city of Evansville belonged. §§3905-4054 Burns 1901 (Acts 1893, p. 65, Acts 1895, p. 258, Acts 1901, pp. 73, 106, 127, 173, 301).  Section one of said act of 1903 provides: "That wherever any lands have been or shall hereafter be offered for sale for delinquent taxes, interest and penalty by the treasurer of the proper county for any two successive years and no person shall have bid therefor a sum equal to the delinquent taxes thereon, interest and penalty provided by law, then such county treasurerer shall at the next regular tax sale of lands for delinquent taxes in the year 1904, sell the same to the highest bidder, and the purchaser thereof shall acquire thereby the same interest therein as is acquired by purchasers of other lands at such delinquent tax sales."

If said act applied to the city of Evansville when this controversy arose in 1904, this case must be reversed, other-

wise it must be affirmed. Section 148 of the act governing the city of Evansville in 1904 (§4052 Burns 1901, Acts 1895, p. 258, §36) expressly provides that "the laws of the State of Indiana concerning the assessment of property for taxation and the collection of taxes, the sale of property for delinquent taxes, the enforcement of the lien by foreclosure, or other proceedings, so far as the same are not in conflict with this act," shall apply to the cities governed thereby.

Appellee insists (1) that the act of 1903, *supra,* did not apply to the city of Evansville because §148, *supra,* which adopted the laws of the State concerning taxation, adopted only the laws in force when the act containing §148, *supra,* was passed in 1895.

The general rule is that when a statute adopts a part or all of another statute by a specific and descriptive reference thereto, such adoption takes the statute as it exists at the time of adoption and does not include subsequent additions or modifications of the statute unless it does so by express intent. 2 Lewis's Sutherland, Stat. Const., §405; Endlich, Interp. of Stat., §85, and cases in note 107; 26 Am. and Eng. Ency. Law (2d ed.), 714; *Culver* v. *People, ex rel.* (1896), 161 Ill. 89, 96, 97, 43 N. E. 812, and cases cited. But when the adopting statute makes no reference to any particular statute or part of statute by its title or otherwise, but refers to the law generally which governs a particular subject, the reference in such a case includes not only the law in force at the date of the adopting act but also all subsequent laws upon the particular subject referred to. 26 Am. and Eng. Ency. Law (2d ed.), 714, 715, and cases cited in note 1, p. 751; Endlich, Interp. of Stat., §493; 2 Lewis's Sutherland, Stat. Constr., pp. 789, 790; *Culver* v. *People, ex rel., supra; Snell* v. *City of Chicago* (1890), 133 Ill. 413, 24 N. E. 532, 8 L. R. A. 858; *Newman* v. *City of North Yakima* (1893), 7 Wash. 220, 34 Pac. 921; *Ford* v. *Durie* (1894), 8 Wash. 87, 35 Pac. 595, 1082; *Gaston* v. *Lamkin* (1893),

115 Mo. 20, 33, 21 S. W. 1100; *City of St. Louis* v. *R. J. Gunning Co.* (1897), 138 Mo. 347, 353, 354, 39 S. W. 788; *Cole* v. *Wayne Circuit Judge* (1895), 106 Mich. 692, 64 N. W. 741; *Kugler's Appeal* (1867), 55 Pa. St. 123; *Harris* v. *White* (1880), 81 N. Y. 532; *Jones* v. *Dexter* (1859), 8 Fla. 276. There is nothing in the act of 1903, *supra*, excepting that act from the operation of §148, *supra*.

Appellee insists, however, that it was not the intention of the legislature that said act of 1903 should apply to the city of Evansville, because there was a statute (§4052a Burns 1901, Acts 1901, p. 73) in force authorizing the city to collect delinquent taxes by foreclosure of the lien thereof on real estate, and the sale of said real estate on such decree to the highest bidder. The act of 1901, *supra*, authorized cities of more than fifty thousand and less than one hundred thousand inhabitants, as shown by the last preceding United States census, in cases where real estate had been offered for sale three times for delinquent taxes, to bring suit and foreclose the lien thereof on such real estate. Upon the decree foreclosing such lien the real estate is sold as other lands are sold, upon execution, without relief and without stay, and the city can become the purchaser of the real estate so sold and can own, hold and dispose of the same. Under this act (§4052a, *supra*), the lien for delinquent taxes could only· be foreclosed against real estate when the same had been offered for sale three times, while under the act of 1903, *supra*, land that had been offered for sale for delinquent taxes for two successive years without receiving the bid required by law, could be sold for delinquent taxes to the highest bidder, but only at the regular tax sale of 1904. There was no conflict between the two acts, and it is evident the latter did not repeal the former.

We think it clear that by the terms of §4052 Burns 1901, Acts 1895, p. 258, §36, said act of 1903 applied to

the city of Evansville. It follows that the judgment must be reversed.

Judgment reversed, with instructions to overrule appellant's demurrer to the petition and alternative writ, and for further proceedings not inconsistent with this opinion.