## TOWN OF NEWBURGH *v.* HOUSE.

[No. 23,782. Filed February 23, 1922.]

1. COURTS.— *Town Ordinance.— Validity.— Jurisdiction on Appeal.—Scope of Review.—Statutes.—*In an action to collect a road tax under a town ordinance where the facts pleaded show a violation of the ordinance and the court, in sustaining a demurrer to the complaint, decided that the town had no right of action, the question of the validity of the ordinance arises, and the Supreme Court, under §1391 Burns 1914, Acts 1901 p. 565, §8, has jurisdiction of the appeal for the purpose of reviewing that question; but, since the action originated before a justice of the peace, and the amount in controversy, exclusive of interest and costs, does not exceed $50, other questions arising upon a paragraph of complaint not based on the ordinance will not be considered, in view of §1389 Burns 1914, Acts 1903 p. 280. p. 611.

2. MUNICIPAL CORPORATIONS.—*Town.—Street Labor Tax Ordinance.—Power to Enforce.—Statutes.—*Road supervisors having been abolished by Acts 1917 p. 602, §4, and §§7761-7770 Burns 1914, Acts 1913 p. 862, §§2-11, requiring men to work on the highways in payment of township taxes, having been repealed by Acts 1919 p. 521, and all authority of township trustees over highways having been taken away by Acts 1919

p. 531, a town is without authority to enforce an ordinance providing for the collection of a street tax, notwithstanding §8961 Burns 1914, Acts 1905 p. 219, §267, conferring upon towns all the powers of township trustees and road supervisors in reference to road labor tax. p. 611.

3. MUNICIPAL CORPORATIONS.— *Towns.*— *Authority to Impose Street Tax.*—*Repeal of Statute.*—Where §8961 Burns 1914, Acts 1905 p. 219, §267, conferred upon towns the powers of township trustees and road supervisors in reference to road labor tax, but such section did not mention any particular statute defining such powers, the reference included all past and future laws on the subject, and by the repeal of the laws conferring powers over highways on road supervisors and township trustees, the statute giving such powers to towns was repealed. p. 613.

4. MUNICIPAL CORPORATIONS.— *Control of Streets.*— *Power to Compel Work on Streets.*—*Statutes.*—Notwithstanding §§8960, 8964, 8965 Burns 1914, Acts 1905 p. 219, §§266, 269, 270, relating to the control of cities and towns over their streets and granting certain authority to municipal officials, the authority to control streets does not include power to compel every male person between certain ages to labor at repairing streets, without compensation, regardless of the amount or character of his taxable property. p. 614.

From Warrick Circuit Court; *Robert J. Tracewell*, Special Judge.

Action by the town of Newburgh against Shiler House. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Andrew J. Rutledge, Henry A. Bippus, Roscoe Kiper* and *Harry F. Fulling*, for appellant.

*James W. Davis*, for appellee.

EWBANK, C. J.—Appellant commenced this action before a justice of the peace to recover from appellee the sum of $3 alleged to be due under the provisions of a town ordinance commanding that each able-bodied man between the ages of twenty-one and fifty years living in the town and not specially exempted, should work two days upon the streets in May or June of each year, under the direction of the town marshal, or pay $1.50

for each day that he failed to work. The cause was appealed to the circuit court, where an amended complaint was filed. As amended it was in two paragraphs. A demurrer "to the amended complaint" for the alleged reason that "said complaint does not state facts sufficient to constitute a cause of action," was sustained, and an appeal to this court was perfected.

The facts pleaded show that the ordinance was violated. And the circuit court having decided that the alleged violation gave the town no right of action, 1. a question as to the validity of the ordinance arises, which gives the Supreme Court jurisdiction of the appeal "for the purpose of presenting such question only." §1391 Burns 1914, Acts 1901 p. 565, §8.

But since the action originated before a justice of the peace and the amount in controversy, exclusive of interest and costs, does not exceed $50, other questions discussed by counsel, arising upon the paragraph of complaint that was not based on the ordinance, will not be considered. §1389 Burns 1914, Acts 1903 p. 280, §6.

The ordinance in question was approved April 23, 1918. At that time and ever since the law under which the appellant town is organized contained a provision on which appellant relies as conferring 2. authority to enact and enforce this ordinance, as follows: "Every * * * town, except when otherwise provided by law, shall, have exclusive power over the streets, alleys * * * within such town * * * Every * * * town through its proper officers may perform all the duties and exercise all the powers of township trustees and road supervisors in reference to road labor tax of two days by persons liable to work on roads in townships, and shall be governed by the same rules and regulations in reference to the collection and enforcement of the same; or any person

so liable to work may be discharged therefrom on the payment of one dollar and fifty cents per day; *Provided,* that the  *  *  *  board of trustees may, by general ordinance, prescribe the time within which such labor shall be performed." §8961 Burns 1914, Acts 1905 p. 219, §267.

The statute from which the above quotation was made was enacted at the same session of the legislature as "An act concerning highways" which provided for the election of road supervisors in townships, who "shall call out all able bodied male persons, except insane, idiotic, deaf and dumb, and blind persons, who are over the age of twenty-one years, and under fifty years of age, and not exempt from such labor, during not less than two nor more than four days of each year (and)  *  *  *  shall require such persons to work on the highways of such district eight hours each day," etc.   Acts 1905 p. 521, §95.

Neither of these acts contained an emergency clause, and both took effect at the same time, upon proclamation by the Governor that the laws were in force.   The language last quoted was afterward re-enacted, as part of a statute which was in force when the ordinance in question was adopted.   §7761 Burns 1914, Acts 1913 p. 862, §2.   But a statute passed in 1919, which declared an emergency and took effect April 1, 1919, before appellee was given notice to work on the streets, expressly repealed all sections of the statute previously in force (§§7761-7770 Burns 1914, Acts 1913 p. 862, §§2 to 11, inclusive) which required men to work on the highways by way of paying taxes in townships.   Acts 1919 p. 521.

Road supervisors had been abolished two years earlier (§4, Acts 1917 p. 602, §9589h Burns' Supp. 1918), and at the 1919 session all authority of township trustees over highways was taken away, "and all control of highways, bridges and culverts by township officers

abolished," by a statute which declared an emergency and took effect March 13, 1919, before the time when appellee was alleged to have failed to work on the streets. Acts 1919 p. 531, §2.

It thus appears that at the time when appellee refused to work on the streets there was no law in force under which he could have been compelled to do so, if he had lived in a township, and none conferring powers or imposing duties upon township trustees and road supervisors "in reference to road labor tax."

Appellant suggests that the section above quoted from the act under which the appellant town was incorporated (§8961 Burns 1914, *supra*) referred to

3. the law "in reference to road labor tax of two days by persons liable to work on roads in townships," in such a way as to "adopt" that law as part of the law for the government of towns. But it did not mention any particular statute as being so adopted. And even though a statute does refer to and adopt the provisions of other laws, "when the adopting statute makes no reference to any particular statute or part of statute by its title or otherwise, but refers to the law generally which governs a particular subject, the reference in such case includes not only the law in force at the date when the adopting act is passed, but also all subsequent laws on the particular subject referred to." *State, ex rel.* v. *Leich* (1906), 166 Ind. 680, 682, 78 N. E. 189; *Quality Clothes Shop* v. *Keeney* (1914), 57 Ind. App. 500, 504, 106 N. E. 541.

It follows that so far as the law relating to road labor tax in townships was adopted into the law governing towns it was repealed by the repeal of all laws on that subject.

However, the law under which the appellant town was incorporated also contains provisions as follows: "The * * * board of trustees of every town shall have

4.    power to pass all ordinances necessary more effectually, to carry into execution the powers in this act granted to them in relation to the * * * improvement of any street * * * or any other public improvement of such * * * town, and which are not inconsistent with the laws of the state * * *" §8960 Burns 1914, Acts 1905 p. 219, §266.

"Every * * * town shall have exclusive power by ordinance, to control and care for its streets, alleys and public places * * *" §8964 Burns 1914, Acts 1905 p. 409, §269.

"* * * Wherever there is a grant of authority or power conferred by this act, and no method is provided by this act or by any other general law * * * for the exercise of such authority or power, the * * * board of trustees of any town may, by ordinance, provide such method." §8965 Burns 1914, Acts 1905 p. 219, §270.

Appellant argues that exclusive control over its streets, with authority to provide a method for exercising such control, which is given to towns by the sections quoted, conferred power to enact and enforce the ordinance in question. But authority to control the streets does not include power to compel every male person between certain ages, who is not under disability, to labor for an equal length of time at repairing the streets, without receiving wages, regardless of the amount or character of his taxable property. Control of the streets is a different matter from exercising control over the inhabitants of the town in the matter of where and when they shall work, and requiring them to labor without pay.

After the statutes requiring men who lived in townships outside of towns and cities to work on the roads had been repealed the town was without statutory authority to enforce this ordinance, and it was no longer

valid. The demurrer to the complaint was properly sustained.

The judgment is affirmed.