PUBLIC SCHOOLS OF THE CITY OF BATTLE CREEK *v.*
KENNEDY.

1. SCHOOLS AND SCHOOL DISTRICTS—POWER DERIVED FROM CONSTITU-
TION AND STATUTES.

The school district of the city of Battle Creek, organized under
Act No. 490, Laws 1871, is a State agency created by law to
carry forward the educational policy of the State, and it
derives its power and authority from the Constitution and
law of the State.

2. CONSTITUTIONAL LAW—POLITICAL POWER IS INHERENT IN PEOPLE
EXCEPT AS DELEGATED.

Under the Constitution (article 2, § 1), all political power is
inherent in the people, and remains there, except as delegated
by Constitution or statute.

3. STATUTES—CONSTRUCTION—ADOPTION OF STATUTE.

The general rule is, that an act, which adopts by reference the
whole or a portion of another statute, means the law as exist-
ing at the time of the adoption, and does not include subse-
quent additions or modifications of the statute so adopted,
unless it does so by express or strongly implied intent.

4. SCHOOLS AND SCHOOL DISTRICTS—SCHOOL DISTRICT OF BATTLE
CREEK—POWER TO BUILD SCHOOLHOUSES AND RAISE MONEY BY
TAXATION.

Act No. 341, Local Acts 1877, amending section 4 of Act No. 490,
Laws 1871, incorporating the school district of Battle Creek,
did not confer upon the board of said district authority to
build schoolhouses and to raise money by taxation therefor
by making it the duty of said board "to establish, locate and
maintain a high school, grammar and primary schools," since
the power to build schoolhouses and raise money by taxation
therefor still remained in the voters of the district under the
amended act by reference therein to the general school law.

5. SAME—SCHOOL CODE NOT APPLICABLE UNTIL ADOPTED.

The provisions of the school code (Act No. 319, Pub. Acts 1927),
having never been adopted by the school electors of the city of

Battle Creek, a city of the third class, are not applicable to the school district of said city, but under chapter 2, § 9, of said act, the law under which it was operating is expressly continued in force.

6. SAME—POWER TO RAISE MONEY FOR SCHOOL PURPOSES IN VOTERS RATHER THAN BOARD.

Since under Act No. 490, Laws 1871, incorporating the school district of Battle Creek, no authority to build schoolhouses and to raise money therefor by taxation was expressly conferred upon either the district or its board, but under sections 1 and 3 of said act all powers conferred upon school districts and union school districts and their boards by general school law were conferred upon said school district and its board of trustees, and under the general law at the effective date of said Act No. 490, and also under Act No. 164, Pub. Acts 1881, amending the general school law (if applicable by adoption), the power and authority to build schoolhouses and to raise money by taxation therefor were vested in the voters of the district, and no statute subsequently enacted expressly confers such power and authority upon said board of trustees, no such power and authority exist, but they are vested in the voters of the district.

Certiorari to Calhoun; Hatch (Blaine W.), J. Submitted January 8, 1929. (Calendar No. 34,048.) Decided January 29, 1929.

Mandamus by the public schools of the city of Battle Creek to compel William R. Kennedy, assessor of the city of Battle Creek, and others to levy and assess a tax against the property of the school district. From an order denying the writ, plaintiffs bring certiorari. Affirmed.

*Bernard J. Onen* and *Leland H. Sabin,* for appellant.

*John W. Bailey, Andrew W. Lockton,* Prosecuting Attorney, and *John A. Wagner,* for appellees.

POTTER, J.   Plaintiff brings certiorari to review mandamus proceedings commenced by it in the circuit court for Calhoun county against defendants to compel them to levy and assess a tax against the property of the school district.  The pleadings raise issues rendered unimportant by the stipulation that the only question to be determined is:

"Has the Battle Creek school board the legal right to build new buildings and raise by taxation the necessary funds to pay for the same without submitting to the voters of said school district any question regarding said buildings or the raising of funds to pay for the same?"

The trial court answered this question in the negative, and this court is asked to reverse the ruling below.

Plaintiff is a State agency created by law to carry forward the educational policy of the State.  *Stuart v. School District,* 30 Mich. 69; *Belles v. Burr,* 76 Mich. 1; *Muskegon Public Schools v. Wright,* 176 Mich. 6; *Detroit Common Council v. Engel,* 202 Mich. 536; *Child Welfare Society v. School District,* 220 Mich. 290.  It derives its power and authority from the Constitution and law of the State.

Under our Constitution "all political power is inherent in the people," Constitution, Art. 2, § 1, and remains there, except as delegated by Constitution or statute.  Plaintiff is organized under Act No. 490, Laws 1871.  No authority is conferred upon either plaintiff or the Battle Creek school board, by the express language of Act No. 490, Laws 1871, to build new school buildings or to raise by taxation the necessary funds therefor without a vote of the people

of the district. Section 1 of Act No. 490, Laws 1871, provides:

"Such district shall have all the powers and privileges conferred upon school districts and union school districts by general law."

Section 3 of Act No. 490, Laws 1871, provides:

"Said board of trustees shall have all the powers and privileges conferred upon district and union school district boards by general law."

At the effective date of Act No. 490, Laws 1871, section 21 of chap. 58 of the Revised Statutes of 1846, as amended by Act No. 67, Laws 1855, Act No. 176, Laws 1861, and Act No. 110, Laws 1869, stood as section 21 of chap. 136, 1 Comp. Laws 1871, and vested the specific power and authority in question in the electors of school districts. All powers and privileges conferred upon school districts and union school districts by general law and upon district and union school district boards, by general law, were conferred upon the district and the board of trustees of plaintiff respectively, as fully and completely as if the provisions of the general school law had been embodied as separate sections in Act No. 490, Laws 1871.

Section 4 of Act No. 490, Laws 1871, was amended by Act No. 341, Local Acts 1877. By the amendment it was made the duty of the board of trustees of the public schools of the city of Battle Creek

"to provide all necessary appendages for the schoolhouses, and to keep the same in good condition and repair; * * * to establish, locate, and maintain a high school, grammar and primary schools, and generally to do all things needful and desirable for the maintenance, prosperity, and success of the schools in said district, and the promotion of the thorough education of the children therein."

Plaintiff contends this language confers upon the board of trustees the power to build schoolhouses. The language conferring such power is "to establish, locate, and maintain a high school, grammar and primary schools." If Act No. 490, Laws 1871, as amended by Act No. 341, Local Acts 1877, did not in express language confer upon the district all the powers and privileges conferred upon school districts and union school districts by general law, and upon the trustees of the said school district all the powers and privileges conferred upon district and union school district boards by general law, this might be true; but in the general school law there was express language vesting the power and authority to build schoolhouses and to raise money by taxation therefor in the voters of the school district, and there is no language in Act No. 490, Laws 1871, as amended by Act No. 341, Local Acts 1877, or subsequently, which expressly confers authority upon the board of education of the public schools of the city of Battle Creek to build schoolhouses and to raise the money therefor by taxation.

In 2 Lewis' Sutherland Statutory Construction (2d Ed.), § 491, it is said:

"Specific provisions relating to a particular subject must govern in respect to that subject, as against general provisions in other parts of the law which might otherwise be broad enough to include it."

Act No. 164, Pub. Acts 1881, repealed chapter 58, Revised Statutes of 1846, as amended, and revised and consolidated the laws relating to public instruction and primary schools. All provisions of this act were made applicable to every school district, township, city, and village in this State except such as

might be inconsistent with the provisions of some special act. Section 10, chap. 13, Act No. 164, Pub. Acts 1881 (2 Comp. Laws 1915, § 5760). By Act No. 164, Pub. Acts 1881, the power and authority in question was vested in the electors of school districts and not in the school board, trustees, or board of education. When the action in question was taken, Act No. 319, Pub. Acts 1927, was in force. By the provisions of section 9, chap. 2, Act No. 319, Pub. Acts 1927, such power and authority was vested in the qualified voters of primary school districts. The laws governing public schools in any district of the third class, into which classification plaintiff's population would place it, were expressly continued in force, unless the school electors by a majority vote of the district voting thereon decided to adopt the provisions of Act No. 319, Pub. Acts 1927. No referendum has ever been had. The provisions of Act No. 319, Pub. Acts 1927, were never adopted by plaintiff. *Smith* v. *School District,* 241 Mich. 366. Act No. 164, Pub. Acts 1881, was expressly repealed by Act No. 319, Pub. Acts 1927.

In *Darmstaetter* v. *Moloney,* 45 Mich. 621, 624. it is said:

"The rule that a piece of legislation for a particular city which adopts under general words of reference a specific regulation in a separate general law is not to be taken as adopting prospectively the future alterations in the provision of the general law so appropriated, unless the intent therefor is express or strongly implied."

See, also, 36 Cyc. p. 1094; 2 Lewis' Sutherland Statutory Construction (2d Ed.), § 405; *Queen* v. *Inhabitants of Merionethshire,* 6 Q. B. 343; *Queen* v. *Inhabitants of the County of Brecon,* 15 Q. B. 813; *Nunes* v. *Wellisch,* 75 Ky. 363; *Sika* v. *Railway Co.,* 21 Wis. 370; *Spring Valley Waterworks* v. *San*

*Francisco,* 22 Cal. 434; *Ventura County* v. *Clay,* 112 Cal. 65 (44 Pac. 488); *Commonwealth* v. *Kendall,* 144 Mass. 357 (11 N. E. 425); *Shull* v. *Barton,* 58 Neb. 741 (79 N. W. 732).

"There is another form of adoption wherein the reference is, not to any particular statute or part of a statute, but to the law generally which governs a particular subject. The reference in such case means the law as it exists from time to time or at the time the exigency arises to which the law is to be applied." 2 Lewis' Sutherland Statutory Construction (2d Ed.), § 405.

In *Cole* v. *Wayne Circuit Judge,* 106 Mich. 692, it is said:

"Section 8307 [2 How. Stat.] does not limit the procedure upon appeal to the provisions of the justices' act as they then existed. It provided by general reference to another law, and is intended to furnish, a rule for future conduct, 'always to be found, when it is needed, by reference to the law existing at the time when the rule is invoked.' End. Interp. Stat. § 493; *Kugler's Appeal,* 55 Pa. St. 123."

The rule stated as adopted and applied in *Cole* v. *Wayne Circuit Judge* was applied in *Kugler's Appeal, supra; Jones* v. *Dexter,* 8 Fla. 276; *Harris* v. *White,* 81 N. Y. 532; *Luzader* v. *Sargeant,* 4 Wash. 299 (30 Pac. 142); *Newman* v. *North Yakima,* 7 Wash. 220 (34 Pac. 921); *Ford* v. *Durie,* 8 Wash. 87 (35 Pac. 595, 1082); *School District* v. *Fairchild,* 10 Wash. 198 (38 Pac. 1029); *State, ex rel. Smith,* v. *Parker,* 12 Wash. 685 (42 Pac. 113); *City of St. Louis* v. *Gunning Co.,* 138 Mo. 347 (39 S. W. 788); *Gaston* v. *Lamkin,* 115 Mo. 20 (21 S. W. 1100).

In *Culver* v. *People,* 161 Ill. 89 (43 N. E. 812), it is said:

"The general rule is, that an act, which adopts by reference the whole or a portion of another statute,

means the law as existing at the time of the adop-
tion, and does not include subsequent additions or
modifications of the statute so adopted, unless it
does so by express or strongly implied intent. (End-
lich on Inter. of Statutes, § 85, and cases in note 107;
Sutherland on Stat. Const. § 257, and cases in note
4; *Darmstaetter* v. *Moloney,* 45 Mich. 621; *Knapp* v.
*Brooklyn,* 87 N. Y. 520; *Kendall* v. *United States,* 12
Pet. U. S. 524; *Matter of Main Street,* 98 N. Y. 454.)
This rule seems to be strictly adhered to, where the
prior act is particularly referred to in the adopting
statute *by its title.* (*Jones* v. *Dexter,* 8 Fla. 276.)
Where, however, the adopting statute makes no ref-
erence to any particular act by its title or otherwise,
but refers to the general law regulating the subject
in hand, the reference will be regarded as including,
not only the law in force at the date of the adopting
act, but also the law in force when action is taken,
or proceedings are resorted to.''

We think this rule applicable, because (*a*) of the
language of Act No. 490, Laws 1871, as amended, and
(*b*) the express language of section 10, chap. 13, Act
No. 164, Pub. Acts 1881 (2 Comp. Laws 1915, § 5760).
If Act No. 490, Laws 1871, incorporated the general
law relating to school districts then in force, and sub-
sequent amendments to the general school law do
not affect that part of the school law adopted there-
by, the effect of the statute is in all respects the
same as if the express provisions of the general law
were incorporated in and enacted by Act No. 490,
Laws 1871, and the board of education had no power
or authority to build schoolhouses or to appropriate
money to build them; the power and authority to
build them and to vote money therefor is vested in
the electors of the school district.

If it was the intention of the legislature by Act
No. 490, Laws 1871, as amended, and Act No. 164,
Pub. Acts 1881, that the local law in force in the

school district should include and incorporate the general school law of the State as amended from time to time, then plaintiff is not entitled to relief because by Act No. 164, Pub. Acts 1881, the power and authority to raise money for building schoolhouses was vested in the electors of the school district and not in the school board or board of education. The learned trial judge, in an able and exhaustive opinion, held that the legal right to build new school buildings and raise funds to pay for the same by taxation was vested in the qualified voters of the school district and not in the school board. We think his holding correct. Plaintiff is not entitled to the relief prayed.

The judgment of the trial court is affirmed, but without costs.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred. NORTH, C. J., did not sit.