[No. 3251.  Decided June 19, 1899.]

THE STATE OF WASHINGTON on the Relation of Ivan L. Hyland, Respondent, v. JOHN W. PETER, Appellant.

QUO WARRANTO—WHEN PROPER REMEDY—CONTESTED ELECTIONS.

Where a city council of a city of the third class has provided no procedure for carrying on a contest for city offices, under Bal. Code, § 937, authorizing the city council to determine contested elections of all city officers, the superior court is not ousted of its jurisdiction to try election contests therein by a proceeding in the nature of quo warranto.

ELECTIONS—MARKING BALLOTS—INDICATING VOTER'S CHOICE.

A cross on an election ballot opposite the words "vote for one," one stroke of which extends below that space and into the space marked "Citizens' Ticket," is not a compliance with the statutory requirement that the ballot be marked opposite the political designation of the party for whom the elector intends to vote.

SAME.

An election ballot must be so marked as to make it reasonably certain for whom the elector intended to vote, although the statute declares only those ballots void from which it is impossible

to determine the elector's choice, and requires a part to be counted when the ballot is sufficiently plain to gather therefrom a part of the voter's intention.

SAME.

An election ballot, although not marked in the spaces provided, will be counted where it was marked immediately to the right of the names of the candidates for whom the elector voted.

SAME—DISTINGUISHING MARKS.

An election ballot on the back of which is a statement purporting to be made by the voter, reciting his inability to register, and declaring that by reason of his residence he is entitled to his franchise, was properly rejected, since, if the voter was not registered, he was not entitled to vote, and, if he placed the writing on the ballot himself, it was a distinguishing mark, which, under Bal. Code, § 1380, requires its rejection.

SAME.

A very heavy cross appearing at the proper place on an election ballot is not a distinguishing mark which will require its rejection, within the view of Bal. Code, § 1380.

Appeal from Superior Court, King. County.—Hon. WILLIAM HICKMAN MOORE, Judge. Affirmed.

*Milo A. Root* and *P. V. Davis,* for appellant.

*E. F. Blaine, Lee De Vries, William Tucker* and *Ivan L. Hyland,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The respondent and appellant were rival candidates for the office of city attorney of the city of Ballard at the municipal election held on the 6th day of December, 1898. The election board, upon the count of the ballots, found that the respondent had received a majority of all of the legal votes cast and made their returns accordingly, whereupon a certificate of election was issued to him. The appellant instituted a contest before the city council of the city of Ballard, in the trial of which both parties participated, which resulted in the cancella-

tion of the certificate issued to the respondent, and a certificate being issued to the appellant. The respondent thereupon brought a proceeding in *quo warranto* in the superior court of King county, which court found the respondent to be entitled to the office and entered a judgment ousting the appellant therefrom. From that judgment this appeal is prosecuted.

Two questions are presented by the record: (1) Were the contest proceedings had before the city council a bar to any subsequent proceedings in the court? And (2) which candidate received the greatest number of legal votes?

1. The city of Ballard is a city of the third class. The statute applicable to cities of that class (Bal. Code, § 937), provides that, "The city council shall judge of the qualifications of its members, and of all election returns, and determine contested elections of all the city officers." No method is provided by the statute for carrying on a contest under this provision, and it was found by the lower court, and conceded here, that the city council has not, by ordinance or otherwise, provided such a procedure. *State ex rel. Blake v. Morris,* 14 Wash. 262 (44 Pac. 266), was a proceeding in *quo warranto* to determine whether the relator, Blake, or the defendant, Morris, was entitled to the office of councilman of the city of Ballard. The conditions existing were exactly similar to these in the present case, and it was contended there, as here, that the findings of the city council were conclusive of the rights of the parties and a bar to the subsequent proceedings in the courts. In that case we held that the statute quoted, in that it did not vest in the city council exclusive jurisdiction of contest proceedings, did not oust this court of its jurisdiction to try the question by a proceeding in the nature of *quo warranto;* and inasmuch as the city council had not passed any ordinance, or made any provision for

carrying on, or for the determination of such contest, their action could result in nothing more than establishing a *prima facie* right to the office, which would be subject to a subsequent contest in a proceeding of this nature. This case is decisive of the first question raised. The learned counsel for the appellant, however, questions the correctness of the rule therein announced and earnestly insists that the case be overruled. Without stating or attempting to answer his objections, we are not satisfied that the case is so far wrong in principle as to warrant our overruling it. *Stare decisis* is the policy of the courts. Upon this principle rests the authority of judicial decisions as precedents, and the doctrine ought not to be departed from, except for urgent reasons.

2. Of the ballots cast, the court counted, with the consent of the parties, two hundred and fifty-four for appellant, and two hundred and sixty-one for the respondent, leaving fifteen in dispute, which are brought here in the record, and numbered from one to fifteen inclusive. Ballots Nos. 1, 2, 3, 11 and 12 were not counted by the court for either party; ballots Nos. 4 and 7 were counted for respondent; ballots Nos. 5, 6, 8, 9, 10, 13, 14 and 15 were counted for the appellant. The final totals being, as found by the court, two hundred and sixty-three for the respondent, and two hundred and sixty-two for the appellant.

The ballots used were in the form prescribed by the code (§ 1364, Bal. Code), a copy being reproduced below (the marginal printed instructions omitted):

CITIZENS' TICKET.                                          |

INDEPENDENT CITIZENS' TICKET.                             |

| Vote for one. | FOR MAYOR. | |
|---|---|---|
| Citizens' Ticket | G. G. Startup. | |
| Independent Citizens' Ticket | A. F. Bethe. | |
| Vote for one. | FOR CITY TREASURER. | |
| Citizens' Ticket | F. M. DeMoss. | |
| Independent Citizens' Ticket | Guy C. Wincapaw. | |
| Vote for one. | FOR CITY ATTORNEY. | |
| Citizens' Ticket | John W. Peter. | |
| Independent Citizens' Ticket | Ivan L. Hyland. | |
| Vote for one. | FOR CITY CLERK. | |
| Citizens' Ticket | G. W. Emerson. | |
| Independent Citizens' Ticket | G. A. Sanborn. | |
| Vote for one. | FOR HEALTH OFFICER. | |
| Citizens' Ticket | C. S. Emery. | |
| Independent Citizens' Ticket | J. P. Lawrence. | |
| Vote for one. | FOR COUNCILMAN-AT-LARGE. | |
| Citizens' Ticket | L. S. Hawley. | |
| Independent Citizens' Ticket | G. A. Hughbanks. | |
| Vote for one. | FOR CITY COUNCILMAN. | |
| Citizens' Ticket | J. P. Taggerson. | |
| Independent Citizens' Ticket | T. P. Stewart. | |

The appellant insists that of the rejected ballots 1, 2, 11 and 12 should be counted for the appellant. No. 1 was marked by a cross placed at the right of, and in the space containing, the words "Vote for One," printed at the top of the left-hand column; the stroke of the cross from left to right extending across the space immediately below, in which was printed the words "Citizens' Ticket." No. 2 was marked by a cross placed to the right of, and in the

space containing, the words "Citizens' Ticket," printed at the top of the left hand column. Ballot No. 11 has upon it three marks—the first in the space containing the printed instructions a little below where the line between the words "Citizens' Ticket" and "Independent Citizens' Ticket" would appear, if extended; the second in the proper column, but on the lines between the names of F. M. De Moss and Guy C. Wincapaw; and the third in the space with the printed instructions, entirely below any name upon the ticket. Ballot No. 12, while being correctly marked for the appellant, has written upon its back the words:

" E. E. Libby

Not being able to register on account of his dutys as belonging to the Fire Department in Seattle was unable to register at any time, he duly swears that he lives in the third ward and is entitled to his franchise hear

E. E. Libby

Protested

H. Lewis."

It is clear to our minds that ballot No. 1 was properly rejected. Conceding, as the appellant contends, that the statute is complied with by marking the ballot opposite the political designation of the party for whom the elector intends to vote at any place where such party designation appears upon the ticket, it cannot be conceded that this ballot is so marked. The cross is clearly opposite the words "Vote for One," and simply because one stroke of the cross extends below that space and into the space marked "Citizens' Ticket" is not sufficient evidence to warrant the court in saying that the voter intended to vote for the candidates of that party. No. 2 presents more difficulty, and, had it been counted, we would not have felt inclined to say that the counting was error. However, it can make no difference in this instance, because ballot No. 3 was marked exactly similar, and opposite the

words "Independent Citizens' Ticket," in the space directly below the former. If one is counted, the other should be counted also, and the result would not be changed. Ballot No. 11 we think was rightly rejected. True, the statute declares only those ballots void from which it is *impossible* to determine the elector's choice, and requires a part to be counted when the ballot is sufficiently plain to gather therefrom a part of the voter's intention; yet this, we think, does not allow us to enter into the domain of speculation. The ballot should be marked so as to make it reasonably certain for whom the elector intended to vote; this ballot was not so marked. Ballot No. 12 was also rightly rejected. Before an elector is entitled to vote at a municipal election in a city of the third class, he must be registered. Bal. Code, § 1457. It is not shown from the record when or by whom the writing was placed on the back of this ballot. If the voter who cast the ballot was not registered in the city of Ballard, as the writing recites, then he was not entitled to vote. If, on the other hand, as we must presume, the ballot was clean when it was handed the voter and he placed the writing on it himself, then it was a distinguishing mark, and should be rejected under § 1380 of the Code (Ballinger's).

Ballot No. 4, instead of being marked in the spaces provided, was marked immediately to the right of the names of the candidates for whom the elector voted; otherwise, the ballot was regular. This ballot was properly counted, under the authority of *State ex rel. Orr v. Fawcett,* 17 Wash. 188 (49 Pac. 346). Ballot No. 7 was marked at the proper place, opposite the words "Independent Citizens' Ticket," but by a very heavy cross. The appellant insists that this is a distinguishing mark, and that the ballot should have been rejected for that reason. In the case last cited we held, that it is not every mark by means

of which a ballot might subsequently be identified which is a violation of the statute; that the mark prohibited by law is such a one,—whether letters, figures or characters,—as shows an intention by the voter to distinguish his ballot from others of its class, or some wilful or wanton disregard of the election laws. Under this rule, the ballot was properly counted. There is nothing upon it to indicate that the voter intended to distinguish it from other ballots, or to show any wilful or wanton disregard of the election laws. However, in this instance, if it was improperly counted, it can work no hardship. Ballots Nos. 8 and 9, counted for appellant, were similarly marked, and any ruling that would reject ballot No. 12 would reject these also.

Finding no error in the record, the judgment of the lower court will be affirmed.

GORDON, C. J., and DUNBAR, REAVIS and ANDERS, JJ., concur.