[No. 4071.   Decided January 8, 1902.]

SECURITY SAVINGS AND TRUST COMPANY, *Respondent,* v.  GEORGE L. HACKETT, *Appellant.*

27  247<br>31  486

FORCIBLE ENTRY AND DETAINER — SERVICE OF SUMMONS.

The provision in the forcible entry and detainer act (Bal. Code, § 5532) that upon filing the complaint a summons must be issued thereon as in other cases does not incorporate as a part of the act the procedure in force governing service of summons at the date of the passage of the act, but must be construed as having reference to the law in force at the time the summons is issued in an action of forcible entry and detainer.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM H. SNELL, Judge.   Affirmed.

*R. H. Lund,* for appellant.

*Parsons, Parsons & Parsons,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action under forcible entry and detainer statute (§ 5532, Bal. Code). On the 8th day of May, 1901, the sheriff of Pierce county served upon the appellant the summons and copy of the complaint. On the 22d day of May, 1901, the respondent filed with the clerk of the superior court in and for Pierce county its com-

plaint, summons and proof of service. From this it will appear that the complaint was not filed with the clerk until after the summons in the cause was issued and served upon the appellant. The appellant appeared specially, and made a motion to quash and set aside the service of the summons and complaint in said action for the reason that said pretended service was wrongfully, improperly and prematurely made. This motion was denied, to which ruling the appellant excepted, and rested upon his special appearance. The court granting an order of default against appellant, and an order of judgment having been thereafter rendered against appellant in favor of respondent, from such judgment this appeal is taken.

The assignments of error are: (1) The court erred in denying appellant's motion on his special appearance to quash and set aside special service of summons made in said cause; (2) the court erred in taking, assuming and entertaining jurisdiction of the appellant and the property involved, and in granting the respondent a judgment in said cause; (3) the court was without jurisdiction whatever, and the order of judgment made was absolutely void. The essential contention is in the first assignment; for, if the court erred in denying the motion to quash, it follows that the court was without jurisdiction and the judgment was void. But we think the motion to quash was properly denied. Section 5532, *supra,* in relation to forcible entry and detainer, provides that upon filing the complaint a summons must be issued thereon as in other cases; and it is contended by the appellant that the statute has not been followed in this case, for the reason that the complaint should have been filed before the summons was served. Since the enactment of the statute above referred to, the law in relation to the commencement of civil actions has

been changed, as appears in § 1 of ch. 127, p. 407, Laws of 1893, which provides that civil actions in the several superior courts of this state shall be commenced by the service of a summons. It is contended, however, by the appellant, that the statute in relation to forcible entry and detainer, being a special statute, is not affected by the amendment to the general practice act, and that the law which is in existence at the time of the issuing of the summons does not apply. Section 5533 provides that the summons must be served and returned in the same manner that summons in other actions is served and returned; and § 5544 provides that "except as otherwise provided in this chapter, the provisions of the laws of this state with reference to practice in civil actions are applicable to and constitute the rules of practice in the proceedings mentioned in this chapter,"—the chapter being with reference to forcible entry and detainer. It will be remembered that, at the time of the passage of these sections, the summons in all actions was issued by the clerk, and could only issue upon the filing of the complaint, while under the later acts summons issues by the attorney, and may issue without filing the complaint. So that § 5532, which is relied upon by the appellant, and which provides that upon filing the complaint a summons must be issued thereon as in other cases, was only an expression of the law in relation to the service of the summons generally, and was in no wise distinct from such general provisions. This question has been decided by this court in the case of *State ex rel. Smith v. Parker,* 12 Wash. 685 (42 Pac. 113), where it was held that since by the language used in the special act the legislature saw fit to provide that, as to the method of issuing the summons, it was desirable that there should be no difference between the cases arising under the special act and

those under the general law, it was but reasonable to suppose that they referred to the general law in force at the time the summons was to be issued, instead of that in force when the act was passed, and sustained a summons that was issued by the attorney for the plaintiff, as provided for by the practice act in force at the time it was issued, instead of by the clerk of the court, as required when the forcible entry and detainer act was passed. In addition to this, the appellant has no substantial grievance, for a copy of the summons and complaint was served upon him, and he cannot have been injured or prejudiced by the fact that the complaint was not filed until after the service of the summons and complaint upon him.

The judgment of the lower court will be affirmed.

REAVIS, C. J., and WHITE, MOUNT, ANDERS, FULLERTON and HADLEY, JJ., concur.