[No. 4238.   Decided April 1, 1903.]

JAMES E. McGREW, *Respondent,* v. ARCHIBALD LAMB *et
ux., Appellants.*

FORCIBLE ENTRY AND DETAINER — COMMENCEMENT OF ACTION — WHAT
STATUTE GOVERNS.

The provisions of Bal. Code, § 5532, requiring the filing of a
complaint in actions of forcible entry and detainer prior to the
issuance and service of the summons has been superseded by
the subsequent enactment of the general law governing the com-
mencement of actions and service of summons, as provided in
Bal. Code, § 4869 *et seq.* (*Security Savings & T. Co. v. Hackett,*
27 Wash. 247, followed).

SAME — PLEADING — SUFFICIENCY OF COMPLAINT.

In an action of forcible entry and detainer, a complaint alleg-
ing entrance without right, by means of breaking open windows
and doors, without permission of the owner and without color of
title merely tenders an issue of right of possession, where it
fails to embody in the complaint an abstract of plaintiff's title,
as required by Bal. Code, § 5550, and therefore fails to state a
cause of action involving title.

SAME — RIGHT OF POSSESSION.

An allegation in a complaint that plaintiff is the owner of
the fee simple is insufficient to show possession thereof, so as to
warrant recovery in the summary action of forcible entry and
detainer.

SAME — PLEADING AND PROOF.

In an action to recover possession of land, an allegation in
the complaint that plaintiff holds as owner is not supported by
the admission of deeds showing a conveyance of the land to
plaintiff's grantor, and from the latter to plaintiff, when the deed
to plaintiff's grantor, though absolute on its face, was merely a
mortgage to secure an advancement of money.

Appeal from Superior Court, King County.—HON.
WILLIAM R. BELL, Judge.   Reversed.

*L. H. Wheeler* and *N. S. Peterson,* for appellants.

The opinion of the court was delivered by

HADLEY, J.—This is an action for the possession of certain real estate which respondent seeks to recover from appellants. The complaint alleges that respondent is the owner of the property and that appellants, without his permission and without any color of title thereto, unlawfully and without right entered upon the premises by force and stealth, and obtained entrance to the dwelling house thereon by breaking open the windows and doors thereof. It is also averred that respondent served upon appellants a three days' notice to vacate the premises. Upon their failure to comply with the notice, this suit was brought to recover possession and damages for the unlawful detention of the premises. The answer is a general denial. A trial was had before a jury, resulting in a verdict that respondent is entitled to the possession of the property. Judgment was entered upon the verdict, directing the issuance of a writ of restitution and awarding costs to respondent. From said judgment this appeal was taken.

It is assigned that the court erred in denying appellants' motion to quash the service of summons. Under special appearance appellants moved to quash the service upon the ground that no complaint was filed in the office of the clerk prior to the issuance and service of the summons, as appears to be contemplated by the forcible entry and detainer law as found in § 5532, Bal. Code. Since the passage of that statute the general method of commencing actions and of serving summons has been changed and the precise question presented here was decided adversely to appellants' contention in *Security Savings & Trust Co. v. Hackett*, 27 Wash. 247 (67 Pac. 607).

It is next urged that the court erred in admitting any evidence under the complaint. Appellants objected to

the introduction of any evidence on the ground that the complaint fails to state a cause of action under any of the provisions of the statute authorizing the summary procedure of forcible entry and detainer. The averments of the complaint seem to combine the conditions enumerated in subdivision 1 of § 5525 with those named in § 5549, Bal. Code. It alleges that the entrance was without right, unlawful, and by means of breaking open windows and doors. The method of entrance alleged is covered by § 5525, *supra,* and other allegations, in their legal effect, show that the appellants were not, prior to the time alleged, in possession of the premises. Further allegations that the entrance was without permission of the owner and without color of title are in accord with § 5549, *supra.* But there is a failure to embody in the complaint an abstract of respondent's title as required by § 5550 of the same chapter. Respondent not having made a statement of his abstract of title, the appellants were not required to answer affirmatively on the subject of title, and the complaint did not, therefore, tender the issue contemplated by §§ 5549 to 5551, inclusive, Bal. Code. The only issue that can be said to be tendered by the complaint is the naked one of possession in the respondent. No question of title is involved.

"It is well settled that title is not involved in either a criminal prosecution for, or a civil action of, forcible entry and detainer, and that, therefore, as a general rule, evidence thereof is inadmissible." 13 Am. & Eng. Enc. Law (2d ed.), p. 753.

For respondent to recover it must appear that he was in actual possession of the property when appellants forcibly entered. The only fact alleged that tends to show that respondent was then in possession is that he was the owner

of the fee simple of the property. But such an allegation, even though proven, is held to be alone insufficient to show possession. *Sanchez v. Loureyro,* 46 Cal. 641; *Townsend v. Van Aspen,* 38 Ala. 572; *McGuire v. Cook,* 13 Ark. 448. One may be the fee simple owner and yet he may neither be in actual possession nor have any immediate right to possession. We think it was error to admit evidence under the allegations of the complaint. Respondent could not recover unless he was in possession, and he did not allege facts which showed him to be in actual possession. At most, they showed no more than right of possession. But actual possession is necessary for his recovery under other allegations of the complaint.

Assuming, however, that the court properly ruled that evidence showing possession could be introduced under the complaint, we find that two deeds were admitted in evidence over objection, one running to the respondent's grantor and the other from the latter to respondent. It was stated that they were not offered for the purpose of showing title in respondent, but only as tending to show possession in him. But whatever weight might properly have been given to the deeds for that purpose, still upon the trial respondent and his counsel admitted that the deed to respondent's grantor was made as security for an advancement of money. It was therefore no more than a mortgage, and respondent holds by no greater right than did his grantor, the mortgagee. It may have been the theory of the court that, even though respondent admittedly held only the rights of a mortgagee, it might be shown that he held as a mortgagee in possession. But the allegation of the complaint is that he held as owner only; and, even if that allegation showed possession, it is not supported by the proof, which is inconsistent therewith. The

evidence shows that appellants claim to hold as tenants of the party who made the deed to respondent's grantor, which deed, under the admission in the record, was only a mortgage. Appellants challenged the legal sufficiency of the evidence at the close of the testimony and moved the court to decide as a matter of law that a verdict should be found for the appellants, that the jury be discharged, and judgment entered for appellants. We think, even if it were held that the court did not err in admitting testimony at the beginning, that this motion should have been granted.

Respondent seems to have permitted this case to go by default in this court, and has filed no brief. As we understand the record, the cause should be reversed for reasons stated above. The judgment is reversed and the cause remanded, with instructions to the trial court to grant the challenge to the evidence and enter judgment for appellants.

FULLERTON, C. J., and MOUNT, ANDERS and DUNBAR, JJ., concur.