[No. 15438.    Department Two.    December 5, 1919.]

THE STATE OF WASHINGTON, *on the Relation of C. L. Morris, Plaintiff,* v. C. V. SAVIDGE, *as Commissioner of Public Lands, Respondent.*[1]

MINES AND MINERALS (1-A)—LEASE OF MINERAL LANDS—RESERVATIONS. The lessee of state mineral lands is entitled to a lease with all the rights granted by Rem. Code, §§ 6782-6787, as amended by Laws 1917, p. 599; hence the commissioner of public lands is without discretion to reserve to the state the timber and other materials except those granted by the lease.

Application filed in the supreme court June 27, 1919, for a writ of mandamus to compel the commissioner of public lands to issue a lease for state lands for prospecting purposes. Granted.

*Kerr & McCord,* for relator.

*L. L. Thompson, Attorney General,* and *Jno. A. Homer, Assistant,* for respondent.

TOLMAN, J.—Petitioner alleges that he has made application, paid the fees fixed by law, and is entitled to a prospecting lease covering a certain eighty-acre tract of land belonging to the state, and that the respondent refuses to issue to him such lease without inserting therein a provision or reservation to the effect that "the state of Washington reserves . . .

[1]Reported in 185 Pac. 597.

the right to sell or otherwise dispose of any and all timber and other valuable materials except the minerals which the lessee is hereby authorized to remove, with such rights and privileges for the production, use and removal thereof as may be authorized by law,'' and also certain reservations as to rights of way, etc., as provided by ch. 109 of the Laws of 1911, p. 506 (Rem. Code, § 6831-1 *et seq.*) ; though it is admitted on oral argument that these latter mentioned reservations are proper, and we understand that petitioner has waived his objections thereto. A writ of mandate is sought directing the commissioner of public lands to issue the lease in the form proposed by him, excepting only the provisions above quoted.

The land commissioner is without discretion in a matter of this kind. *State ex rel. Pindall v. Ross,* 55 Wash. 242, 104 Pac. 216; *State ex rel. Hall v. Savidge,* 93 Wash. 676, 161 Pac. 471. It therefore seems self-evident that petitioner is entitled to a lease which in its terms grants to him all of the rights which the statute gives him in such cases and without any limitations except those which the statute imposes. The statute clearly authorizes the reservation as to the rights of way; § 1, ch. 109, p. 506, Laws of 1911 (Rem. Code, § 6831-1), but we find nothing in the act or the amendments thereto which forms any basis for the reservation of timber and other materials except minerals. Section 6782, Rem. Code, as amended by ch. 148, Laws of 1917, p. 599, authorizes the issuance of leases and contracts for the mining of precious metals. Section 6783, as amended, provides for the application by any citizen for a prospecting lease to cover not to exceed eighty acres according to the legal subdivisions. Section 6784 provides for the manner of locating such mineral claims. Section 6785, the substance of which is included in the lease offered by respondent, provides

"the lessee may cut and use the timber found upon said premises for fuel and construction of buildings, required in the operation of any mine or mines on the premises; also the timber necessary for drains, tramways and supports for such mine or mines, and for no other purpose." Section 6786 provides for the fees, the time the lease shall run, and limits the amount of ore which may be removed while operating under the prospecting lease. Section 6787, as amended, provides that, at any time prior to the expiration of such lease, the leaseholder, or any assignee thereof, shall have the right to obtain from the said commissioner of public lands a contract "to mine the lands covered by said lease and extract and dispose of the minerals taken therefrom." It then proceeds to vest the commissioner of public lands with discretion to determine whether in fact the land contains minerals, and if so, to execute and deliver the contract to mine; and further provides that the lease, among other things, shall contain the same privileges as to the use of timber as that contained in the quotation from § 6785, given above.

We find nothing in the act or elsewhere reserving or requiring the lease to contain any words of reservation as to timber, and as a consequence must hold that the commissioner of public lands is without authority to insert the reservation complained of. It follows, therefore, that the writ will issue directing the commissioner of public lands to issue and deliver the lease without the reservation quoted, or any reservation as to timber on the land involved.

HOLCOMB, C. J., MOUNT, MITCHELL, and FULLERTON, JJ., concur.