[No. 15956.    Department One.    February 17, 1921.]

DANIEL O. BOYD *et al., Respondents,* v. JOSEPHINE NORTH *et al., Appellants.*[1]

FORCIBLE ENTRY AND DETAINER (5)—PROCESS—TIME FOR SERVICE. The service of summons in forcible entry and detainer prior to the filing of the complaint is sufficient.

SAME (5).    Rem. Code, §§ 221 and 222 prescribing the requirements of a summons for the commencement of general actions does not apply to actions of forcible entry and detainer.

LANDLORD AND TENANT (127)—RECOVERY OF POSSESSION—UNLAWFUL DETAINER—RIGHT TO MAINTAIN.    The lessor is entitled to recover possession in an unlawful detainer action, under Rem. Code, § 812, subd. 4, and the express provisions of § 827, upon the lessee's violation of a covenant not to assign or sublet, without regard to the form of the assignment.

SAME (24, 28, 39-2)—TERM FOR YEARS—ASSIGNMENT AND SUBLETTING—COVENANTS AND CONDITIONS—BREACH.    A lease for a term of years containing a covenant not to assign or sublet without the consent of lessor entitles the lessor to a forfeiture regardless of whether the lease expressly provided for a forfeiture on breach of such covenant, where the evidence shows that the lessees had assigned the lease.

SAME (144)—TERM FOR YEARS—UNLAWFUL DETAINER—ASSIGNMENT—EVIDENCE—ADMISSIBILITY.    In an action of unlawful detainer, on breach of a condition not to assign the lease, the testimony of a witness that she accounted to the assignee for receipts of the operation of the premises is admissible to show the assignment.

[1]Reported in 195 Pac. 1011.

SAME (145)—UNLAWFUL DETAINER—EVIDENCE—SUFFICIENCY. There
is sufficient evidence of the assignment of a lease in violation of a
covenant not to do so without the written consent of the lessor,
where it is shown that a witness had accounted to the person to
whom it was alleged the lessees had assigned the lease for the re-
ceipts from the operation of the apartment building.

SAME (148) — TRIAL — INSTRUCTIONS.    Under the statute, Rem.
Code, § 827, intending unlawful detainer as a remedy for breach of
a condition against assignment and subletting without the land-
lord's consent, it is proper to give instructions permitting the jury
to find such assignment and subletting without direct evidence·on
the matters.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered March 18, 1920, upon
the verdict of a jury, rendered in favor of plaintiffs,
in an action of unlawful detainer, after a trial on the
merits. Affirmed.

*H. E. Foster,* for appellant Antill.

*James B. Murphy,* for appellant North.

*Jay C. Allen (E. W. Howell,* of counsel), for respond-
ents.

FULLERTON, J.—By a written indenture of lease, the
respondents Boyd leased to the appellant North certain
real property situated in the city of Seattle on which
there·was an apartment building, for a term of years
commencing on September 1, 1919, and terminating on
October 31, 1924. The lease contained a covenant
against assignment and covenants against subletting
the premises in whole or in part, and provided that, for
a breach of any such covenants, the lessors could, at
their option, declare a forfeiture of the lease and re-
enter the premises, either with or without process of
law.

Mrs. North, on the delivery of the lease, took posses-
sion of the premises. Later on the lessors found a
person in possession of the premises other than Mrs.

North, and conceiving that there had been an assignment of the lease and a subletting of the premises, caused to be served upon the lessee, the person in possession, and the appellant Antill, a notice to comply with the conditions of the lease or surrender the premises within a period of ten days; further notifying them that, if they failed so to do, they would be "proceeded against according to law as and for unlawful detainer and the cancellation of said lease." The notice was not complied with and on December 10, 1919, the present action was begun against them under the statute of forcible entry and detainer to oust them from the premises and cancel and set aside the lease. After issue joined, the cause was tried before the court sitting with a jury, and resulted in a verdict and judgment against the appellants, North and Antill, for a restitution of the premises, with damages, and a cancellation of the lease.

On commencing the action, the respondents caused service of the summons to be made on the appellants prior to the time the complaint was filed with the clerk of the court in which the action was entitled. The appellants appeared specially and moved to quash the service for this reason, and for the further reason that the summons served did not conform to the provisions of the statute. The trial court overruled the motion and required the appellants to answer to the complaint. Its action in so doing forms the basis for the first error assigned.

As to the first branch of the motion, the appellants concede that this court has decided contrary to their contentions in the cases of *Security Sav. & T. Co. v. Hackett,* 27 Wash. 247, 67 Pac. 607, and *McGrew v. Lamb,* 31 Wash. 485, 72 Pac. 100, but argue that the cases are not sound in principle and were in effect overruled by the subsequent case of *Big Bend Land Co. v.*

*Huston,* 98 Wash. 640, 168 Pac. 470. We cannot accept
either of these conclusions. The reasons for holding
that the failure to file the complaint prior to the time
of the issuance and service of the summons is not fatal
to the service are fully stated in the first of the cases
cited and need not be repeated here. It is enough
to say that we see no reason for changing the rule
therein announced. Nor can we conclude that the sub-
sequent case cited in any way varies the rule. The
precise question was not there presented. The sum-
mons was issued and served after the filing of the com-
plaint, and the question under consideration was
whether the summons was sufficient in form to comply
with the statutes. We held the summons insufficient
and in so doing announced the rule that the statute con-
ferring jurisdiction in actions of forcible entry or forc-
ible detainer must be strictly pursued, but this hold-
ing in no way modified or varied the rule of our prior
cases which hold a service of a summons, sufficient in
substance and form, prior to the filing of the complaint,
to be a compliance with the statute.

The contention that the summons did not conform to
the provisions of the statute is likewise unfounded. It
is not disputed that the summons was in form and sub-
stance that required by the special statute relating to
forcible entry and detainer (Rem. Code, §§ 817, 818);
but it is objected that it does not comply with certain
of the requirements of a summons prescribed by the
code (Id., §§ 221, 222) for the commencement of gen-
eral actions. But the legislature, in enacting the spe-
cial statute, not only saw fit to prescribe the contents
of a complaint thereunder, but likewise the form and
contents of the summons therein, making no reference
to the general statutes relating to the commencement
of actions. Clearly, we think, a summons in compli-
ance with the special statute, served in accordance

with the statute, is sufficient to bring the parties defendant within the jurisdiction of the court.

It is next contended that the complaint fails to state facts sufficient to constitute a cause of action. If we have correctly gathered the appellants' contention on this branch of the case, the principal contention is that the allegations of the complaint charge a breach of the conditions of the lease which might warrant relief in a court of equitable cognizance, but state no facts which bring the cause within the statutes of unlawful detainer. But without following the argument in detail, we think no relief is sought which is not specially provided for by the statute. The substance of the charge is that the appellant North, after having obtained possession of the premises under a term lease containing a covenant not to assign or sublet, did assign and sublet the premises to the appellant Antill and others, in violation of the covenant. The statute in express terms authorizes relief for this specific breach. By subdivision four of § 812 (Rem. Code), a tenant of real property is guilty of unlawful detainer when he continues in possession in person or by subtenant after he fails to keep or perform any condition or covenant in the lease under which the property is held, "including any covenant not to assign or sublet" the premises, and by § 827 (Id.) it is provided that

"if the proceeding be for unlawful detainer after neglect or failure to perform any condition or covenant of the lease or agreement under which the property is held . . . the judgment shall also declare the forfeiture of the lease, agreement or tenancy."

No relief beyond this is sought by the complaint.
Counsel further state:

"It is further observed that the lease does not advise that if an attempted assignment is made that the

lessor shall have a right of forfeiture or that such act would of itself work a forfeiture of the lease.''

And argue that:

''Where there is a breach of the covenant not to assign, and there is no provision in the lease for reentry or forfeiture, the assignment is not void but passes the term, and the lessor's only remedy is an action for breach of covenant.''

We cannot so read the lease. Its language is this:

''This lease or any part hereof shall not be assigned by lessee or by operation of law, or otherwise, nor said premises or any part thereof sublet without the written consent of the lessors endorsed hereon; and in the event such written consent shall be so given, no other or subsequent assignment or assignments, or subletting, shall be made by such assignee or assignees or sub-lessee without previous consent of lessor first had and obtained in writing. If any rents above reserved, or any part thereof, shall be and remain unpaid when the same become due, or if lessee shall violate or default in any of the covenants, agreements, stipulations or conditions herein, then it shall be optional for the lessors to declare this lease forfeited and the said term ended and to re-enter said premises, with or without process of law, using such force as may be necessary to remove all persons or chattels therefrom, and the lessors shall not be liable for damages by reason of such re-entry or forfeiture; but notwithstanding such re-entry by the lessors the liability of the lessee for the rent provided for herein shall not be relinquished or extinguished for the balance of the term of this lease.''

Clearly, there is here a provision of forfeiture for a breach of the covenant not to assign or sublet. But if the fact were otherwise, the result contended for, in view of the express provisions of the statutes before cited, would not follow. The statute expressly makes a breach of these covenants a ground for forfeiture, and the result would follow from the breach whether the lease provided for a forfeiture in terms or not.

18—114 WASH.

The third assignment is that the court erred in the admission of the evidence of the witness Edith Hyder. She was questioned and permitted to answer concerning her relations with the property immediately prior and subsequent to the execution of the lease to appellant North. In substance her testimony was that she had been a former tenant of the property and, at the time of the lease to Mrs. North, was in possession of the property as a tenant and owned certain of the furniture then in the building; that she subsequently sold this furniture to persons other than Mrs. North, and continued in possession thereafter for a time under an agreement with the appellant Antill and accounted to him for the receipts of the operation of the apartment building thereon. The plaintiffs were permitted to resort to any legitimate testimony to prove the allegations of their complaint, and we think without question this evidence tended to show an assignment of the lease by Mrs. North.

The fourth objection is that the verdict and judgment is contrary to the evidence. This objection does not merit extended consideration. There was evidence which would warrant the jury in finding that the appellant North, shortly after the execution of the lease to her, made a written assignment of the lease without naming therein an assignee and delivered the assignment to the appellant Antill, and that she thereafter exercised no control over the premises. Manifestly, there is here evidence of a breach of the covenants of the lease. It is true, there was evidence tending to show that Antill in his relation to the transaction acted as the broker and agent of others. But he did not choose to disclose his principals, and under these circumstances he cannot complain that the jury visited upon him the penalties which, if he had been more frank, might have been rested upon others.

The remaining assignments question the correctness of the instructions of the court to the jury. In the main these objections are directed to instructions which could be incorrect only on the theory that the appellants' view of the tenor and purport of the statute is correct. These we have sufficiently answered in our discussion of other objections urged. Specifically, it is contended that the court erred in giving the following instructions:

"In considering whether an assignment has been made or the premises sublet the law looks to the substance, that is, to what the real transaction is, rather than to what the parties themselves may call it, and if the effect of what was done by Mrs. North places out of her hands the right to the possession of the property and gives to some other person the right to the possession and control thereof, then it would be an assignment or subletting within the meaning of the law and would be violative of the lease and subject it to forfeiture.

"A party may not do indirectly what he is prohibited from doing directly. The law looks to the effect, the result, and if the effect or the result is that of an assignment or subletting of the whole or a part of the lease, then it was in violation of the terms thereof.

"A subletting is not required under the law to be in any particular form. It need not be in writing and it occurs wherever a third person is permitted to take possession of the entire premises having the sole right of control thereof and the right to receive and keep the proceeds thereof, or to use and enjoy the same and the whole thereof. So I instruct you that if you find, from a preponderance of the evidence in this case, that Mrs. North did place in charge of third persons the entire premises mentioned in the complaint, who had the sole right to occupy and control the same without any direction from Mrs. North, and who had the right to and who did manage and conduct the same, either in person or by agents, receiving the rents and profits

thereof, and enjoying the use, possession and profits thereof, then I charge you, that such act would be a subletting in violation of the provision of said lease.''

It is objected that these instructions permit the jury to find an assignment and subletting from circumstances shown, without direct evidence on the matters. Doubtless this is the effect of the instructions, but nevertheless we think them unobjectionable. The statute was intended as a remedy for an assignment and subletting in fact, whatever may be the form, and the instructions do no more than announce this principle.

We find no error in the record and the judgment will stand affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.