[No. 16504.   Department Two.   December 22, 1921.]

## THE STATE OF WASHINGTON, *on the Relation of L. L. Holt, Plaintiff,* v. D. HAMILTON, *Appellant.*[1]

QUO WARRANTO (5)—NATURE AND GROUNDS—ELECTION CONTEST—IRRIGATION DISTRICT OFFICERS. Proceedings in quo warranto will lie to oust a director of an irrigation district whose election was secured by the votes of persons not entitled to vote.

WATERS AND WATER COURSES (89)—IRRIGATION DISTRICTS—ORGANIZATION—QUALIFICATION OF VOTERS — STATUTES — CONSTRUCTION. Under Rem. Code, § 6418, any person who has evidence of title to land within an irrigation district, coupled with possession and actual control of the land, is entitled to a vote in the selection of officers to operate the district.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered March 29, 1921, in favor of the plaintiff, upon overruling a demurrer to the petition, in an action in the nature of quo warranto. Reversed.

*Chas. W. Johnson,* for appellant.

*Edward A. Davis* and *C. M. O'Brien,* for respondent.

Hovey, J.—This is a proceeding in quo warranto, whereby the relator, L. L. Holt, seeks to have the respondent, D. Hamilton, ousted of his position as a director of an irrigation district, upon the ground that respondent's election to the office was secured by the votes of certain individuals whose only interest in the land embraced within the district was by reason of certain contracts of purchase held by them.

A demurrer was interposed to the petition, and the same being overruled, the respondent below (being the appellant here) elected to stand upon the demurrer, suffered judgment to go against him, and brings the case here upon appeal.

[1]Reported in 202 Pac. 971.

It is first contended that this is in fact an election contest, and under our recent decision in *Whitten v. Silverman,* 105 Wash. 238, 177 Pac. 737, the action will not lie. That was the case of a diking district, and it was there held that the office of a director of such district did not come within the provisions of our statute relative to election contests. The present proceeding is brought in quo warranto and comes clearly within our decision in *State ex rel. Hyland v. Peter,* 21 Wash. 243, 57 Pac. 814.

We come now to consider the qualifications of these voters. The state of California, which was the pioneer in irrigation district legislation, had a statute which limited the qualifications of signers of the original petition to "freeholders owning land." The supreme court of that state, in *Directors of Fallbrook Irrigation District v. Abila,* 106 Cal. 355, 39 Pac. 794, held that a person who held land under a contract from the state had evidence of title, but did not have sufficient ownership to bring him within the qualification of a signer of the petition under the original statute. The legislature of that state had, prior to the decision, amended the law to read: "holders of title or evidence of title," but this was not the one under which the case originated. Our statute of 1889-1890, p. 671, used the word "freeholders." By Laws of Washington 1895, pp. 432 and 433, the present words were substituted, the same being a portion of § 6418, Rem. Code, reading as follows: "Any person . . . who holds title to land or evidence of title to land embraced within the boundaries of any irrigation district . . ."

A copy of the contract, which is alleged in the complaint to be of the same character as all of the other contracts involved, is attached to and made a part of the complaint. It is the ordinary contract for the sale

of real property, with the time essence clause and provisions for forfeiture. It contains provisions requiring the purchaser to improve the land and grow crops upon the same, and expressly requires the purchaser to pay all irrigation district assessments. There is a further provision that the purchaser shall be entitled to keep possession as long as the contract is kept in good standing. We do not think it is necessary to define the legal standing of a contract of this character in all respects. In our opinion, the legislature used the words "evidence of title" for a purpose, and to permit the people who have written evidence of their right to acquire title, coupled with possession and actual control of the land, the people, who are the ones really interested in the proper operation of the affairs of the district and are the ones who have to meet its burdens, to have a voice in selecting the officers to operate the irrigation district.

A case analogous to this is that of *State ex rel. Hall v. Savidge,* 93 Wash. 676, 161 Pac. 471. In that case we held that a person who held a contract of purchase of state land was an owner within the meaning of a statute when it provided that any one desiring to secure the reserved rights of the state in oils, minerals, etc., must first make provision for the payment of damages sustained by the owner by reason of the entry upon the land to exercise the privilege.

Respondent cites *Rothchild Bros. v. Rollinger,* 32 Wash. 307, 73 Pac. 367. The point in question in that case was the number of signers needed, and the question of their capacity was not involved.

The judgment appealed from is reversed, with instructions to sustain the demurrer.

HOLCOMB, MAIN, FULLERTON, and MACKINTOSH, JJ., concur.