[No. 23349.   Department Two.   December 14, 1931.]

MRS. R. E. HUGHES, *Appellant*, v. MRS. C. CROWLEY, *Respondent.*[1]

*Guy E. Dunning,* for appellant.
*Paul Carrigan,* for respondent.

TOLMAN, C. J.—This is an action brought under our unlawful detainer statute.

The trial court, on motion, entered an order quashing the summons and the service thereof, and quashing the writ of restitution.   The plaintiff has appealed.

The action was commenced on January 5, 1931, by the filing of a complaint, which is not attacked, and by the issuance of a summons in the usual form, except that it was made returnable on the 12th day of Jan-

[1]Reported in 5 P. (2d) 982.

uary, 1930, instead of 1931. Whether by reason of the erroneous return date, the summons was void, as respondent now contends, is one of the questions to be later considered; though, in fact, this summons was never served.

On the day the complaint was filed, the plaintiff procured an order of the court, directing a writ of restitution to issue upon the giving of a bond in the sum of five hundred dollars. A surety company bond was filed in compliance with the order, and approved; and thereupon the writ issued on the same day. According to the record, this writ, or a copy of it, was posted on the door of the premises involved by the sheriff, and held by him without further action until January 26, 1931, when the sheriff, at the plaintiff's request, returned the writ without making any further service of it.

On January 14, 1931, the plaintiff's attorney issued a new summons, returnable on January 22, 1931, which was served on the day it was issued. On January 22, 1931, the plaintiff procured the clerk of the court to issue an alias writ of restitution, which was placed in the hands of the sheriff on the same day. No order of the court was obtained for the issuance of the alias writ, and no new bond was given. According to the sheriff's return, he served the alias writ of restitution on the day it was issued, and thereafter executed the writ on January 26, 1931, by ejecting the defendant from the premises and placing the plaintiff in possession.

In the meantime, and on January 21, 1931, the defendant moved to quash the summons of January 14 and the service thereof; and on January 24, 1931, the defendant likewise moved to quash the alias writ of restitution. The granting of these motions terminated

the action, and the plaintiff's appeal therefrom is now to be considered.

Prior to the 1927 amendment, the statutory law relating to forcible entry and detainer was to be found in Rem. Comp. Stat., §§ 810 *et seq.*; but, by Laws of 1927, chap. 123, p. 106, various changes were made. In Rem. Comp. Stat., § 818, it was provided:

"Upon the return of any summons issued under this chapter, when the same has not for any reason been served, or has not been served in time, the plaintiff may have a new summons issued the same as if no previous summons had been issued."

Section 9 of the amendatory act eliminates this language entirely, and substitutes nothing in lieu thereof. So the vexing question is presented as to the legislative intent in striking that language from the statute.

If we accept the respondent's view, then an action in unlawful detainer becomes wholly futile and unavailing unless the plaintiff issues a proper summons and serves it properly before the return day. Failing in any particular, the plaintiff must dismiss his action and begin anew.

We can not accept that view. It is not in harmony with the modern practice. To us, it seems more probable that the legislature felt that, under the general practice act of 1893 and the original forcible entry and unlawful detainer act, as construed by this court, since the summons is issued by the attorney and not by the clerk of the court, the particular provision stricken was no longer necessary, and that its elimination would leave the attorney free to issue successive summonses as necessity might require. If this be so, then, whether the original summons was void in toto or valid but not served, in either case, the ineffectual attempt might be disregarded and the defendant be

brought in by a new summons. We think this view is in harmony with the spirit of our former cases where these questions were considered. *State ex rel. Smith v. Parker,* 12 Wash. 685, 42 Pac. 113; *Security Savings & Trust Co. v. Hackett,* 27 Wash. 247, 67 Pac. 607; *Mc-Grew v. Lamb,* 31 Wash. 485, 72 Pac. 100; *Roznik v. Becker,* 68 Wash. 63, 122 Pac. 593; *Boyd v. North,* 114 Wash. 540, 195 Pac. 1011.

We conclude that it was error to quash the summons and its service.

As to the second question, the respondent contends that the alias writ of restitution was properly quashed for four reasons: (1) No valid summons had been filed or issued when it was sued out; (2) no order of the court was obtained for the issuance of the alias writ; (3) no bond was filed at the time of its issuance; and (4) the statute does not authorize the issuance of an alias writ of restitution.

The statute (Rem. Comp. Stat., § 819, as amended by Laws of 1927, p. 107, § 3) reads:

"Section 10. The plaintiff at the time of commencing an action of forcible entry or detainer or unlawful detainer, or at any time afterwards, may apply to the judge of the court in which the action is pending for a writ of restitution restoring to the plaintiff the property in the complaint described, and the judge shall order a writ of restitution to issue. The writ shall be issued by the clerk of the superior court in which the action is pending, and be returnable in twenty days after its date; but before any writ shall issue prior to judgment the plaintiff shall execute to the defendant and file in court a bond in such sum as the court or judge may order, with sufficient surety to be approved by the clerk, conditioned that the plaintiff will prosecute his action without delay, and will pay all costs that may be adjudged to the defendant, and all damages which he may sustain by reason of the writ of restitution having been issued, should the same be wrongfully sued out." Rem. 1927 Sup., § 819.

It would seem from a reading of the statute that, for the purpose of obtaining a writ of restitution, the action is to be deemed commenced when the complaint is filed; otherwise the purpose for which such a writ is issued might be defeated. Surely, the statute does not mean that the defendant must be served with process before the writ can issue, or that thought would have been expressed; and if the defendant need not be served, then there is no good purpose in requiring a summons to be issued. Whether a valid summons be issued, or none at all, since it need not be served in advance of the issuance of the writ, appears to be wholly immaterial.

An application having been made to the court, and the court having determined judicially that a writ should issue, it would seem unnecessary, when the issued writ fails for some reason other than a change of conditions to accomplish its purpose, that another application to the court, presenting the exact conditions already passed upon, should necessarily be made. Of course, if there are changes in the conditions, the matter should again be presented to the court, and he should exercise his discretion in the light of the conditions then existing; but where, as here, no possible change is suggested, it would seem to be an idle thing to ask the court to pass a second time upon identically the same question.

This reasoning also applies to the bond. The amount of the bond having been fixed by the court, and the bond given and approved, it stands as indemnity until the purpose for which it is given has been fully accomplished; and that being so, again it would seem to be an idle thing to trouble the court to consider anew a situation already passed upon, because the result would be only a re-affirmance of the former order; and finally, the court having found that the conditions

justified the issuance of a writ of restitution, and the prerequisites having been met and the machinery having been set in motion, we see no real need for a direct statutory authorization to continue the operation until the result is fully accomplished.

The statute having authorized the issuance of the writ, and the court having found that conditions existed justifying its issuance and having directed its issuance, the clerk, as an officer of the court, had, we think, the inherent power, if the original writ failed, to issue as many aliases as might be necessary to fully accomplish the authorized purpose, just as he may issue alias executions.

We are constrained to hold that the trial court erred also in quashing the writ of restitution.

The judgment is reversed, with directions to overrule both motions.

MILLARD, MAIN, HOLCOMB, and BEALS, JJ., concur.